ROSMAN & GERMAIN LLP
Daniel L. Germain (Bar No. 143334)
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA  91367-7503
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
E-Mail: Germain@Lalawyer.com

Counsel for Plaintiffs and the Putative Class

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA TOBIAS, ANTHONY BRIGGS, ANN MACDONALD and DAVID CALDER, individually and on behalf of all others similarly,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE 401(K) BENEFITS PLAN COMMITTEE OF NVIDIA CORPORATION, and JOHN DOES 1-30<br><br>Defendants | CIVIL ACTION NO.:<br><br>5:20-cv-06081-LHK<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Adams et al. v. Dartmouth-Hitchcock Clinic et al.*,
No. 1:22-cv-00099-LM (D.N.H. Feb. 10, 2023) ............................................................... 4

*Albert v. Oshkosh Corp., et al.*,
47 F.4th 570 (7th Cir. 2022) ..................................................................................... 1, 4

*Beldock v. Microsoft Corp.*,
No. C22-1082JLR, 2023 WL 1798171, (W.D. Wash. Feb. 7, 2023) ................................ 3

*Conlon v. The Northern Trust Co.*,
No. 1:21-cv-02940 (N.D. Ill. Aug. 5, 2022) ....................................................................... 1

*Coyer v. Univar Sols. USA Inc.*,
2022 WL 45347915 (N.D. Ill. Sept. 28, 2022) ............................................................... 3, 4

*Davis v. Salesforce.com*,
No. 21-15867 (9th Cir. Apr. 8, 2022) ............................................................................ 1, 2

*Hughes v. Northwestern University*,
No. 18-2569, 2023 WL 2607921 (7th Cir. Mar. 23, 2023) ("*Hughes II*") ................. 1, 3, 4

*Johnson v. Fujitsu Tech. and Bus. Of Am., Inc.*,
250 F. Supp.3d 460 (N.D. Cal. 2017) ............................................................................... 3

*Kong v. Trader Joe's Co.*,
No. 20-56415, 2022 WL1125667, (9th Cir. Apr. 15, 2022) ............................................ 1

*Matousek v. MidAmerican*,
No. 21-2749 (8th Cir. No. 2, 2022) .................................................................................. 1

*Miller v. Pack*,
2023 WL 2705818 (W.D. Mich. Mar. 30, 2023) ............................................................... 4

*Probst v. Eli Lilly*,
2023 WL 1782611 (S.D. Ind. Feb. 3, 2023) ...................................................................... 4

*Rodriguez v. Hy-Vee, Inc.*,
2022 WL 16648825 (S.D. Iowa Oct. 21, 2022) ............................................................ 3, 4

*Seidner et al., v. Kimberly-Clark Corp. et al.*,
No. 3:21-CV-867-L (N.D. Tex. Mar. 30, 2023) ................................................................ 1

*Smith v. Commonspirit Health*,
37 F.4th 1160 (6th Cir. 2022) ....................................................................................... 1

*Stengl et al. v. L3Harris Technologies, et al.*,
No. 6:22-cv-572 (M.D. Fl. Mar. 24, 2023) ..................................................................... 1

*In re Sutter Health ERISA Litigation*,
No. 1:20-cv-01007-JLT (E.D. Cal. Feb. 9, 2023) ............................................................ 1

*Terraza v. Safeway, Inc.*,
241 F.Supp.3d 1057 (N.D. Cal. 2017) ............................................................................ 1

*Tibble v. Edison Int'l*,
843 F.3d 1187 (9th Cir. 2016) ("*Tibble III*") ............................................................ 2, 3

The only cases in Defendants' Supplemental Brief (ECF No. 86) that are similar to the instant matter actually support Plaintiffs' claims. The first three cases Defendants rely on (*Smith*, *Albert*, and *Matousek*) came out before *Hughes v. Northwestern University*, No. 18-2569, 2023 WL 2607921 (7th Cir. Mar. 23, 2023) ("*Hughes II"*), are not from the Ninth Circuit, and have already been distinguished extensively by Plaintiffs as involving dissimilar claims and less robust allegations (*See* ECF No. 85). *Hughes II*'s separate allegation regarding the number of recordkeepers is not enough to distinguish it from the instant case. Defendants also attempt to distinguish *Hughes II* by saying Plaintiffs do not identify a comparator fee. Not so. Plaintiffs identify the Plan's $63 fees, a reasonable fee of $35, and obtainable fees as low as $5. ¶¶ 131-139. *Hughes II* supports upholding Plaintiffs' claims.

Defendants state, "principles derived from prior cases remain untouched" and these principles include how revenue sharing is not *per se* imprudent and Fiduciaries are not required to conduct requests for proposals ("RFP" s). Defs' Br. ECF No. 86 at 3:15-20. Defendants further argue, "[t]he Plan fiduciaries' decision to select funds that offered reasonable revenue sharing is an obvious alternative explanation." *Id*. at 4:27-28. It is not. Recent Ninth Circuit authority support Plaintiffs' claims that although revenue sharing is not *per se* imprudent, use of revenue sharing is not an obvious alternative explanation that justifies dismissal, especially where, like here, Plaintiffs allege, an unchecked revenue sharing structure caused a plan tremendous loss. (*See* ECF No. 72 at14:21-18:2, listing cases including *Davis v. Salesforce.com,* No. 21-15867 at *3 (9th Cir. Apr. 8, 2022) and *Kong v. Trader Joe's Company,* No. 20-56415 at *3 (9th Cir. Apr. 15, 2022), *Terraza v. Safeway, Inc.,* 241 F.Supp.3d 1057, 1083 (N.D. Cal. 2017)). Also, courts have repeatedly held even though RFPs are not legally required, not holding RFPs supports the inference of imprudence. ECF No. 72 (23:15-25:7).

Defendants also incorrectly state Plaintiffs' comparator funds are not identical to the challenged funds, but Plaintiffs have alleged they are. ¶¶ 81,83, 85-89, 97. Nonetheless, Courts have held the fact-based issue of apt comparators cannot be resolved at the motion to dismiss stage. In fact, a recent case out of the Ninth Circuit, *In re Sutter Health ERISA Litigation,* No. 1:20-cv-01007-JLT at 16:23-25 (E.D. Cal. Feb. 9, 2023) instructed "Defendants' complaints regarding Plaintiffs' calculations and benchmarks in the FAC, (see Doc. 29 at 22, 25, 28–29), are of no moment to the sufficiency analysis, as disputes over these factors are inappropriate at the motion to dismiss stage." *See also, Stengl et al. v. L3Harris Technologies, et al.*, No. 6:22-cv-572 at 2 (M.D. Fl. Mar. 24, 2023) ("[t]he Court agrees with its sister court in a similar ERISA fiduciary duty case which found that the defendants' arguments, which contended that the plaintiffs' claims were 'factually incorrect' or relied on 'inapt comparators,' were inappropriate at the motion to dismiss stage."); *Conlon v. The Northern Trust Co.,* No. 1:21-cv-02940 at 10 (N.D. Ill. Aug. 5, 2022)("[W]hether a particular investment choice was imprudent is a particularly fact-sensitive inquiry that would not be appropriate to resolve on a motion to dismiss."); *Seidner et al., v. Kimberly-Clark Corp. et al*., *No. 3:21-CV-867-L* at. 12 (N.D. Tex. Mar. 30, 2023) (same). Thus, Defendants' arguments regarding Plaintiffs' choice of comparators are not appropriate at this stage.

Defendants offer no case law supporting their Collective Trust arguments, but simply state no circuit-level decisions "disturb" their arguments. That is wrong. The Ninth Circuit itself stated "[a]ccepting the allegations in the first amended complaint as true, as we must, plaintiffs have stated a plausible claim that defendants imprudently failed to select lower-cost share classes or ***collective investment trusts*** with substantially identical underlying assets." *Davis v. Salesforce,* 2022 WL 1055557, at * 1 (9th Cir. Apr. 8, 2022)  As Plaintiffs detail in their opposition, many district court cases, including cases in the Ninth Circuit, support Plaintiffs' claims. ECF No. 72 at 17:3- 19:8 (citing, among other cases, *Tibble v. Edison Int'l*, 843 F.3d 1187, 1198 (9th Cir. 2016)

("*Tibble III*"); *Johnson v. Fujitsu Tech. and Bus. Of Am., Inc.*, 250 F. Supp.3d 460, 466 (N.D. Cal. 2017).)

The sole case out of the Ninth Circuit Defendants cite, *Beldock v. Microsoft Corp.,* No. C22-1082JLR, 2023 WL 1798171, (W.D. Wash. Feb. 7, 2023) is of no moment. *Beldock* did not involve recordkeeping fee allegations, share class allegations, or investment expense allegations – three allegations Plaintiffs include in the totality of the circumstances alleging Defendants' imprudent processes. *Beldock's* investment allegations were solely about investment performance and compared funds differing in strategies. Defendants' reliance on *Beldock* is misplaced because Plaintiffs do "'allege[] [] facts that would "tend[] to exclude the possibility' that defendants' had prudent reasons." (ECF No. 86 at 7:6-8, *quoting Beldock*, No. C22-1082JLR, 2023 WL 1798171, at *7). Plaintiffs allege "[t]here is no good-faith explanation for utilizing high-cost share classes when lower-cost share classes are available for the exact same investment. The Plan did not receive any additional services or benefits based on its use of more expensive share classes." ¶ 93. Plaintiffs' allegations are also in line with Ninth Circuit Precedent in *Tibble III* (instructing "[a] trustee cannot ignore the power the trust wields to obtain favorable investment products, particularly when those products are substantially identical—other than their lower cost—to products the trustee has already selected." *Tibble III,* at 1198). Here, the challenged funds and comparator funds were target date funds that are identical apart from their share classes.

Lastly, Defendants offer a list of 24 cases, mostly from the same district (outside the Ninth Circuit) and issued *Pre-Hughes II*. The cases are either distinguishable or were granted in part in ways supporting Plaintiffs' allegations (*see*, for example, ECF No. 85 where Plaintiffs submit *Coyer v. Univar Sols. USA Inc.*, 2022 WL 4534791 (N.D. Ill. Sept. 28, 2022)*,* and *Rodriguez v. Hy-Vee, Inc.*, 2022 WL 16648825 (S.D. Iowa Oct. 21, 2022) upholding similar

claims).[1] It is baffling Defendants mention *Rodriguez*. *Rodriguez* actually stated the ICI was not sufficient to uphold claims because it was the "only proffered benchmark" (*Rodriguez,* 2022 WL 16648825 at *12), whereas here Plaintiffs here compare specific funds in the Plan to specific comparators with identical or and/or similar investment styles. ¶¶ 88,108-109. *Rodriguez* even upheld the plaintiffs' record keeping claims, holding "the court must accept as true the Complaint's allegation that all recordkeepers in large plans provide the same range of services." *Id* at *17. Plaintiffs allege the same. ¶¶ 121-23 ("In short, all recordkeepers provide the same level of service and costs are what differentiate them.")

*Eli Lilly*, cited by Defedants, admitted at that time there was not a consistent pleading standard in the Seventh Circuit. *Probst v. Eli Lilly*, 2023 WL 1782611 (S.D. Ind. Feb. 3, 2023) at *12 (discussing the *Coyer* and *Albert* decisions). On the other hand, many other circuits before *Hughes II* did not require "additional circumstantial factual allegations." *Adams et al v. Dartmouth-Hitchcock Clinic et al, No.* 1:22-cv-00099-LM (D.N.H. Feb. 10, 2023). The one post-*Hughes II* decision on Defendants' list, *Miller v. Pack*, 2023 WL 2705818 (W.D. Mich. Mar. 30, 2023), actually upheld similar share class and imprudent investment claims. The court held comparator funds in the same Morningstar Category were a meaningful enough benchmark and "[a]ll else being equal, selecting a share class with a higher expense ratio would not be a prudent decision." *Miller,* 2023 WL 2705818 at *10. *Miller* only dismissed recordkeeping claims because the plaintiffs included a chart of comparator plans whose fees and services were contradicted by the same forms the plaintiffs relied on. *Id*. at *6.  Plaintiffs here include no such chart and include both direct and indirect payments in their calculations. ¶138.

---

[1] Defendants' list does not specify why each case was dismissed, but many ERISA cases have been dismissed on standing grounds not argued here.

- 4 -

Dated: April 18, 2023 **CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: /s/ *Mark K. Gyandoh*
Mark K. Gyandoh, Esq.