Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
Catherine L. Reagan, No. 327702
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA  94105
Telephone:   (415) 788-3111
Facsimile:   (415) 421-2017
E-mail:      ckang@truckerhuss.com
             drudolph@truckerhuss.com
             creagan@truckerhuss.com

Attorneys for Defendants
NVIDIA CORPORATION, THE BOARD OF
DIRECTORS OF NVIDIA CORPORATION,
THE NVIDIA 401(k) PLAN BENEFITS
COMMITTEE (incorrectly named and sued as
THE 401(k) BENEFITS PLAN COMMITTEE
OF NVIDIA CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| CRISTINA TOBIAS, ANTHONY BRIGGS, ANN MACDONALD and DAVID CALDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE 401(K) BENEFITS PLAN COMMITTEE OF NVIDIA CORPORATION, and JOHN DOES 1-30,<br><br>Defendants. | Case No. 4:20-cv-06081-JST<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

# TABLE OF CONTENTS

**Page(s)**

A. Plaintiffs mischacterize the significance of *Hughes* and *Forman*..................................1

B. *Sea World* and *Sutter Health* are distinguishable…………………………………………2

C. The remaining decisions Plaintiffs cite fall short under the weight of recent authority…….4

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; Case No: 4:20-cv-06081-JST
7123181.7

None of the decisions identified in Plaintiffs' supplemental briefing alter the conclusion that Defendants' Motion should be granted. Plaintiffs mischaracterize *Hughes v. Northwestern Univ.*, 63 F.4th 615 (7th Cir. 2023) (*Hughes II*), downplay the holdings from recent Circuit-level orders, overstate the impact of their cherry-picked district court decisions, and ignore numerous orders issued since June 3, 2022 that granted motions to dismiss and undermine their claims. The FAC should be dismissed in its entirety.

### A. Plaintiffs mischaracterize the significance of *Hughes* and *Forman.*

Plaintiffs inaccurately claim that *Hughes II* is "instructive because it involves claims nearly identical to the instant matter". Dkt. 85, p. 2. The allegations in *Hughes II* are fundamentally different from the allegations in this case. *Hughes II* allowed the investment-related claims to proceed based on allegations that the Northwestern plan offered "retail" share class investments where identical and less expensive institutional shares were available. *Hughes II*, 63 F.4th at 622. Plaintiffs do not allege that the Plan ever offered retail versus institutional shares, rendering their share class allegations distinguishable from *Hughes II*. Dkt. 51, ¶¶ 88, 89. Similarly, in *Hughes II*, multiple recordkeepers were paid fees that included *un*capped revenue sharing. *Hughes II*, 63 F.4th at 621-22. The court allowed the claims to proceed because the plaintiffs alleged that the "quality or type" of services provided by the plan's recordkeepers were comparable to other recordkeepers in the market. *Id.* at 632. Unlike in *Hughes II*, the Plan had a single recordkeeper that was paid, net of revenue sharing, a fixed per capita fee that ranged between $52 and $63 annually during the relevant period, and NVIDIA, not the Plan's participants, has paid the Plan's recordkeeping fees directly since April 1, 2018. Dkt. 86, p. 3. Moreover, Plaintiffs fail to identify the services the Plan's recordkeeper provided, let alone allege that other recordkeepers provided the same services for a lower price.

Despite its distinguishable holdings, Plaintiffs argue that *Hughes II* is helpful to their claims because it briefly cites *Kong v. Trader Joe's Co.*, 2022 WL 1125667 (9th Cir. Apr. 15, 2022) and decisions from the Second, Third, and Eighth Circuits that allowed certain claims to proceed. Dkt. 85, p. 2 (citing *Hughes II*, 2023 WL 2607921, *15). *Trader Joe's* is an unpublished decision that contains little analysis, and its share class holdings have been overshadowed by recent authority that differentiates between allegations involving retail versus institutional shares, and allegations, like

-1-

those here, where Plaintiffs do not allege that the Plan ever offered retail shares. *See, e.g., Hughes II*, 63 F.4th at 636 ("plaintiffs' share-class claim is special" because the plaintiffs alleged that the fiduciaries should have replaced "retail shares with institutional shares"); *Forman v. TriHealth*, 40 F.4th 443, 450 (6th Cir. 2022).

Regarding *Forman*, Plaintiffs claim that this decision did "not similarly interpret the Supreme Court [sic] *Hughes* decision", "did not create a bright line rule…", and is "distinguishable because the allegations of the instant case are far more robust than the allegations in [*Forman*] and its' [sic] companion decision," *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022). Dkt. 85, p. 1, 3. Both *Forman* and *CommonSpirit*, in fact, support dismissal of Plaintiffs' FAC because they concluded that allegations, like those Plaintiffs make here, are insufficient to state an imprudence claim when they are based on comparisons of actively managed funds to dissimilar indexed options, and attack expense ratios alone. *CommonSpirit,* 37 F.4th at 1162, 1165-70, *Forman*, 40 F.4th at 449. And the only claim in *Forman* that survived dismissal – the share class claim – is different from Plaintiffs' share class claim in this case because Plaintiffs do not allege that the Plan ever offered retail class shares over institutional shares. *Forman*, 40 F.4th at 450-53.

Finally, Plaintiffs argue that *Albert v. Oshkosh*, 47 F.4th 570 (7th Cir. 2022) does not impact Defendants' Motion because some courts have distinguished its holding. Dkt. 85, p. 3. The mere fact that *Oshkosh* may have been distinguished by other cases does not render its holdings inapplicable to this case. In any event, Plaintiffs allege "all recordkeepers provide the same level of service and costs are what differentiates them" but fail to address the services Fidelity provided. Dkt. 51, ¶¶ 122-25. Plaintiffs' allegations are similar to the allegations that the court rejected in *Oshkosh,* which were also "devoid of allegations as to the quality or type of recordkeeping services the comparator plans provided." *Oshkosh*, 47 F.4th at 579. And it is implausible to allege that all large recordkeeping firms provide the exact same services for every single plan across the country. These services and fee structures vary among plans based on a number of factors, including participant population, amount of assets under management, and services rendered for those fees. *See, e.g.,* Dkt. 70, pp. 19:21-20:4.

**B.  *Sea World* and *Sutter Health* are distinguishable.**

Plaintiffs claim that *Coppel v. Sea World Parks,* 2023 WL 2942462 (S.D. Cal. Mar. 22, 2023)

-2-

and *In re Sutter Health ERISA Litigation*, 2023 WL 1868865 (E.D. Cal. Feb. 9, 2023) support the plausibility of their claims. Dkt. 85, p. 4-6. These decisions are also distinguishable. Notably, in rendering its decision on the share class claims, *See World* specifically noted Judge Koh's prior decision <u>in this lawsuit</u>, and differentiated the allegations in *Sea World* from Plaintiffs' inadequate allegations in this case. *Sea World*, 2023 WL 2942462, *12 ("The two other cases the Sea World Defendants rely on are inapposite. In both cases, the courts dismissed the share class allegations because the plaintiffs merely alleged that lower cost shares were available") (citing *Tobias v. NVIDIA*, 2021 WL 4148706, *11 (N.D. Cal. Sept. 13, 2021); *White v. Chevron*, 2017 WL 2352137, *14 (N.D. Cal. May 31, 2017)). Further, the *Sea World* defendants argued that the plan could not include institutional class shares because of its pooled arrangement with a fund manager, which the court rejected. *Sea World*, 2023 WL 2942462, *11. While it is true that *Sea World* rejected the fiduciaries' argument regarding revenue sharing, it did so *because* the plaintiffs alleged that the fiduciaries could have moved to a non-pooled structure or negotiated for lower fees. *Id*. Plaintiffs make no such allegations here.

Regarding the recordkeeping claims, *Sea World* considered allegations that the recordkeeping fees increased by 360% during the relevant period and ranged between $95 and $107. *Id*. at 13. Here, Plaintiffs acknowledge that the Plan's fees *decreased* during the relevant period, from $63 to $52 per participant. Dkt. 51, ¶¶ 116, 131; Dkt. 70-20, p. 8. And although the court in *Sea World* was persuaded by the plaintiffs' comparisons to a survey of other plans as a comparator to the fees, numerous other courts have rejected such a comparison, including Judge Koh's well-reasoned decision in this case. *See Tobias*, 2021 WL 4148706, *15; *see also CommonSpirit*, 37 F.4th at 1169.

*Sutter Health* is also distinguishable. In *Sutter Health,* the court concluded that the plaintiffs plausibly pleaded imprudence claims based on allegations involving the Sutter Health plan's "Total Plan Cost" (i.e., a mix of investment and administrative costs), and detailed allegations regarding the Fidelity Freedom target date funds, including the funds' investment performance, management team, and market factors involving the Fidelity Freedom Fund suite *specifically*. 2023 WL 1868865, *8. Plaintiffs make no similar allegations about the Challenged Funds in this case. Instead, Plaintiffs attack the Plan's target date options, the T. Rowe Price suite, by comparing it to dissimilar passively

1  managed alternatives and supposedly less expensive share classes (that did not offer revenue sharing),
2  which are insufficient allegations as described in Defendants' Motion and recent authority.

### C. The remaining decisions Plaintiffs cite fall short under the weight of recent authority.

Plaintiffs largely ignore appellate decisions issued since June 3, 2022 and instead rely on any district court order that allowed certain claims to survive dismissal, despite differences in the factual allegations from those in this case. The vast majority of district court decisions issued since June 3, 2022 in this area of litigation granted motions to dismiss. Dkt. 86, p. 8, n. 3. In any event, Defendants' supplemental briefing addressed a number of the decisions cited in Plaintiffs' briefing. Dkt. 86, p. 7-8 (addressing *Nohara v. Prevea Clinic,* 2022 WL 3601567, *4 (E.D. Wis. 2022); *Berkelhammer v. Auto. Data Processing*, 2022 WL 3593975, *5 (D. N.J. Aug. 23, 2022); *Garnick v. Wake Forest*, 2022 WL 4368188, *6 (M.D. N.C. 2022); *Adams v. Dartmouth*, No. 1:22-cv-00099 (D. N.H. Feb. 10, 2023)). The remaining decisions Plaintiffs cite, when considered in their entirety, do not support the plausibility of Plaintiffs' allegations. For example, Plaintiffs cite *Rodriguez v. Hy-Vee* for the proposition that *Hy-Vee* allowed recordkeeping claims to proceed but fail to note that that court rejected the use of the ICI Study that Plaintiffs rely on in this case and collected decisions finding the same. 2022 WL 16648825, *4-6 (S.D. Iowa Oct. 21, 2022). Similarly, Plaintiffs cite *Lucero v. Credit Union Ret. Plan Ass'n*, No. 1:22-cv-00099 (W.D. Wis. Mar. 9, 2023) to support the plausibility of their recordkeeping claims, but *Lucero* allowed the recordkeeping claims to proceed based on the "significant" difference in price between the fees and alleged comparators in that case. Dkt. 85, p. 7. In *Lucero*, the recordkeeping fees ranged from $235-271 per participant, which *greatly* exceeds the $52-$63 fees that the Plan/NVIDIA paid Fidelity. Dkt. 51, ¶¶ 116, 131; Dkt. 70-20, p. 8. Finally, Plaintiffs cite *Coyer v. Univar Sol. USA*, 2022 WL 4534791, *5 (N.D. Ill. Sept. 28, 2022) and *Brown v. Mitre*, No. 22-cv-10976 (D. Mass. Mar. 6, 2023), but they provide no analysis at all, other than that those courts allowed some claims to proceed. In sum, Plaintiffs' supplemental briefing fails to identify any recent authority that alters the conclusion that Defendants' Motion should be granted, and Plaintiffs' FAC should be dismissed.

DATED: April 18, 2023                    TRUCKER ✦ HUSS, APC

                                         By: /s/ *Clarissa A. Kang*

-4-

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105