UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA TOBIAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NVIDIA CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-06081-JST<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: ECF No. 127 |

Before the Court is Plaintiffs' unopposed motion for preliminary approval of class action settlement. ECF No. 127. The Court will deny the motion without prejudice for the reasons discussed below.

First, it is not clear that the settlement is not reversionary. The Ninth Circuit has "not disallowed reversionary clauses outright," but it "generally disfavor[s] them because they create perverse incentives." *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1058 (9th Cir. 2019) (citing *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 611–12 (9th Cir. 2018)). This Court "frequently rejects class settlements containing reversion clauses." *Alcazar v. Fashion Nova, Inc.*, No. 20-cv-01434-JST, 2024 WL 5191979, at *3 n.1 (N.D. Cal. Dec. 20, 2024) (citations omitted). Plaintiffs argue that "[t]here shall be no reversion to Defendants" and state that uncashed checks "shall revert to the Settlement Fund and then transferred to the Plan to defray administrative fees and expenses that would otherwise be charged to Plan participants." ECF No. 127 at 6. It is not clear why the Court should not consider transferring funds to the Plan to be reversionary, particularly in the absence of any explanation of how Plan participants would benefit. For example, will funds that revert to the Plan be tracked in some way, such that it will be clear to Plan participants that they are paying less in administrative

fees than they otherwise would?

Second, Plaintiffs have provided insufficient information for the Court to evaluate the amount of the settlement. "In determining whether the proposed settlement falls within the range of reasonableness, perhaps the most important factor to consider is 'plaintiffs' expected recovery balanced against the value of the settlement offer.'" *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (quoting *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)).[1] Plaintiffs assert that "[t]he class recovery under the settlement will be $2,500,000, which represents roughly 16.86% of Plaintiffs' potential maximum recoverable losses, of $14,832,044.44 as calculated by Plaintiffs." *Id.* at 4–5. But the only evidence submitted regarding Plaintiffs' potential recovery is a single paragraph in counsel's declaration: "Based on analysis and information exchanged during mediation, Plaintiffs assigned best-case scenario damages to the recordkeeping claim of $1,689,456.00; failure to select lower cost share classes at between $1,228,554.00 and $1,854,837.00; and fund underperformance damages of around $11,287,751.44. This totaled potential damages of about $14,205,762.00 - $14,832,044.00." ECF No. 128 ¶ 37. The Court has no basis by which to evaluate the reasonableness of counsel's estimated potential recovery, and it therefore cannot determine on the record before it whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

For these reasons, Plaintiffs' motion for preliminary approval of class action settlement is denied, without prejudice to Plaintiffs' filing a revised motion correcting these deficiencies.

In addition, the Court notes that Plaintiffs' counsel "anticipates seeking an award of attorneys' fees up to one-third of the common fund established by the Settlement," and that "Plaintiffs will seek contribution awards of $10,000 each for Plaintiffs Cristina Tobias, Anthony Briggs, Ann MacDonald and David Calder." ECF No. 127 at 19. The Court will not determine appropriate fee and incentive awards until after a motion has been filed. However, it reminds the

---

[1] At some point, the common law will have to reckon with inflation. $5,000 in February 2012, when the *Harris* decision was issued, had the same buying power as $6,931.41 has today. Bureau of Labor Stat., CPI Inflation Calculator, https://www.bls.gov/data/inflation_calculator.htm (measured as of December 2024). The gap will only grow over time.

parties that, "[f]or more than two decades, the Ninth Circuit has set the 'benchmark for an attorneys' fee award in a successful class action [at] twenty-five percent of the entire common fund.'" *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 519 (N.D. Cal. 2020) (alteration in original) (quoting *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997)), *aff'd*, 845 F. App'x 563 (9th Cir. 2021).  Similarly, "[a]n incentive award of $5,000 is presumptively reasonable, and an award of $25,000 or even $10,000 is considered 'quite high.'" *Rollins v. Dignity Health*, No. 13-cv-01450-JST, 2022 WL 20184568, at *9 (N.D. Cal. July 15, 2022) (citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014)). Plaintiffs should justify any deviation from the attorney's fee benchmark and presumptively reasonable incentive award when they apply for such awards.  *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (noting that "[t]he 25% benchmark can be adjusted upward or downward, depending on the circumstances"); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *32 (N.D. Cal. Apr. 1, 2011) (discussing factors a court considers when evaluating requests for incentive awards), *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for preliminary approval is denied without prejudice.

**IT IS SO ORDERED.**

Dated: January 16, 2025

_____
JON S. TIGAR
United States District Judge