EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| CRISTINA TOBIAS, ANTHONY BRIGGS, ANN MACDONALD, and DAVID CALDER, individually and on behalf of others similarly situated, | Case No. 4:20-cv-06081-JST<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |
| Plaintiffs, | |
| vs. | |
| NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE NVIDIA CORPORATION 401(k) PLAN BENEFITS COMMITTEE, | |
| Defendants. | |

This Agreement is entered into by and between Plaintiffs, on behalf of themselves, the Class, and the Plan, on the one hand, and Defendants, on the other hand, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

The capitalized terms used in the preceding sentence and in this Agreement are defined in Part I, below.

**I.     DEFINITIONS**

**1.1.    "Action"** shall mean the lawsuit titled *Cristina Tobias, et al. v. NVIDIA Corporation, et al.* (Northern District of California Case No. 4:20-cv-06081-JST).

**1.2.    "Administration Costs"** shall mean: (a) all costs and expenses associated with the production and dissemination of the Notice and, under Section 2.8, the Class Action Fairness Act Notices; (b) all costs incurred by the Settlement Administrator and/or Recordkeeper in administering and effectuating this Settlement, including, but not limited to, the costs of obtaining contact and account information for Class Members and distributing the Settlement Amount, which costs are necessitated by performance and implementation of this Agreement and any court orders relating

-1-

Trucker ✦ Huss<br>A Professional Corporation<br>135 Main Street, 9th Floor<br>San Francisco, California 94105

thereto; (c) all fees charged by the Recordkeeper in distributing the Settlement Amount; and (d) all fees charged by the Settlement Administrator.

1.3. **"Agreement"** or **"Settlement Agreement"** shall mean this Settlement Agreement and Release.

1.4. **"Attorney's Fees and Expenses"** shall mean any and all attorney's fees, costs, and expenses of Class Counsel for their past, present, and future work, efforts, and expenditures in connection with the Action and Settlement.

1.5. **"Case Contribution Awards"** shall have the meaning ascribed to it in Section 7.1.

1.6. **"Class"** shall mean the class certified by the Court pursuant to Sections 2.1 consisting of: All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between August 28, 2014 through the date of the Preliminary Approval Order.

1.7. **"Class Counsel"** shall mean: Capozzi Adler, P.C.

1.8. **"Class Member"** in the singular shall mean an individual member of the Class and "Class Members" in the plural shall mean all members of the Class.

1.9. **"Complaint"** shall mean the operative complaint in the Action at the relevant time, including, without limitation, the Second Amended Complaint (Dkt. 102).

1.10. **"Court"** shall mean the United States District Court for the Northern District of California.

1.11. **"Defendants"** shall mean NVIDIA Corporation, The Board of Directors of NVIDIA Corporation, and The NVIDIA Corporation 401(k) Plan Benefits Committee.

1.12. **"Defendants' Counsel"** shall mean Clarissa A. Kang and Catherine L. Reagan of Trucker Huss, APC.

1.13. **"Defendant Released Parties"** shall mean Defendants and each of their predecessors, successors, shareholders, current and former parents, subsidiaries, affiliates, divisions, related companies, assigns, current and former officers, directors, employees, trustees, fiduciaries, committees (including, but not limited to, members of The NVIDIA Corporation 401(k) Plan Benefits Committee and any Monitoring Defendants as defined in Paragraph 150 and elsewhere in the Complaint, but with

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

the exception of the Independent Fiduciary), investment consultants, recordkeepers (including the Recordkeeper), investment managers, administrators, actuaries, agents, insurers, representatives, vendors, attorneys, descendants, dependents, beneficiaries, marital community, heirs, executors, representatives, and administrators of the entities and individuals identified in this Section 1.13.

1.14.   **"Effective Date"** shall mean: (a) the date upon which the applicable period to appeal the Final Approval Order and Judgment has expired, if no appeal is taken during such period; or (b) if, during the appeals period, an appeal is taken from such Final Approval Order and Judgment, the date upon which all appeals, including further petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date upon which the applicable period to initiate all such further petitions or proceedings has expired.  The Parties shall agree in writing when the Effective Date has occurred, and any dispute shall be resolved by the Court.  It is expressly agreed by the Parties and their counsel that no Party intends this Section 1.14 or any other part of this Agreement to establish or acknowledge that anyone is entitled to or has the right to appeal from the Final Approval Order and Judgment.

1.15.   **"Escrow Account"** shall mean an account at an established Financial Institution agreed upon by the Parties that is established for the deposit of the Settlement Amount and amounts relating to it, including, but not limited to, any interest earned on investment of the Settlement Amount.

1.16.   **"Escrow Agent"** shall mean the entity approved by the Parties to act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Agreement.

1.17.   **"Fee and Expense Application"** shall mean the petition to be filed by Class Counsel seeking approval of an award of Attorney's Fees and Expenses.

1.18.   **"Final Approval Hearing"** shall mean the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Agreement should receive final approval by the Court.  The Parties will request that the Final Approval Hearing be scheduled for a date no earlier than ninety (90) calendar days after the entry of the Preliminary Approval Order.

-3-

**1.19.** **"Final Approval Order and Judgment"** shall mean a final order and judgment entered by the Court after the Final Approval Hearing granting its approval of the Settlement.

**1.20.** **"Financial Institution"** shall mean the institution at which the Escrow Account is established.

**1.21.** **"Independent Fiduciary"** shall mean the independent fiduciary that Defendants select to review the Settlement independently on behalf of the Plan (subject to the consent of Plaintiffs, which consent shall not be unreasonably withheld).

**1.22.** **"Independent Fiduciary Fees and Costs"** shall mean all fees, costs, and expenses of the Independent Fiduciary. The Independent Fiduciary Fees and Costs shall be paid from the Settlement Fund after such funds are deposited with the Escrow Agent and upon receipt of an invoice from the Independent Fiduciary.

**1.23.** **"NVIDIA"** shall mean NVIDIA Corporation.

**1.24.** **"Net Settlement Fund"** shall mean the Settlement Fund minus all Settlement Administration Costs, Independent Fiduciary Fees and Costs, Attorney's Fees and Expenses, Case Contribution Award, Taxes and Tax-Related Costs, and any other deductions and payments from the Settlement Fund under the terms of this Agreement or as the Court may allow.

**1.25.** **"Notice"** collectively shall mean the short-form and long-form notices, substantially in the form attached hereto as Exhibits A and B, respectively, to be provided directly to Class Members pursuant to Section 2.4 and made available on the Settlement Website and the website of Class Counsel.

**1.26.** **"Parties"** in the plural shall mean Plaintiffs and Defendants and "Party" in the singular shall mean one of the Parties.

**1.27.** **"Plaintiffs"** shall mean Plaintiffs Cristina Tobias, Anthony Briggs, Ann MacDonald, and David Calder, individually and on behalf of the Class and the Plan.

**1.28.** **"Plan"** shall mean the NVIDIA Corporation 401(k) Plan.

**1.29.** **"Plan of Allocation"** shall mean the framework for allocating the Settlement Fund that is approved by the Court. A proposed form of the Plan of Allocation is attached hereto as Exhibit C.

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-4-

**1.30.** **"Preliminary Approval Order"** shall mean an order entered by the Court preliminarily approving the Settlement, pursuant to Section 2.1.

**1.31.** **"Recordkeeper"** shall mean Fidelity Management Trust Company.

**1.32.** **"Released Claims"** shall be any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, obligations, losses, or liabilities (including claims for attorney's fees, expenses, or costs), for monetary, injunctive, and any other relief against the Defendant Released Parties through the date the Court enters the Final Approval Order and Judgment arising out of or in any way related to: (a) the conduct alleged in or that could have been alleged in the Complaint by any Class Member, whether or not the conduct was actually included as claims for relief in the Complaint; (b) the investment management fees and/or performance of any investment options offered by the Plan through the date that the Court enters the Final Approval Order; (c) the administrative fees of the Plan, including fees paid to the Recordkeeper, through the date that the Court enters the Final Approval Order; (d) monitoring of any Plan fiduciaries through the date that the Court enters the Final Approval Order; and (e) the approval by the Independent Fiduciary of the Settlement.  The Released Claims shall not include claims to enforce the covenants or obligations set forth in this Agreement.  With respect to the Released Claims, it is the intention of Plaintiffs and all other Class Members and the Plan to expressly waive to the fullest extent of the law: (a) the provisions, rights, and benefits of **Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party"**; and (b) the provisions, rights, and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable.

**1.33.** **"Settlement"** shall mean the compromise and resolution embodied in this Agreement.

**1.34.** **"Settlement Administrator"** shall mean Analytics Consulting LLC.

**1.35.** **"Settlement Amount"** shall mean two million five hundred thousand dollars ($2,500,000.00) that Defendants will pay or cause to be paid to the Settlement Fund, which shall represent Defendants' entire monetary obligations with regard to the Settlement.

-5-

**1.36.** **"Settlement Fund"** shall have the meaning set forth in Section 3.1(b).

**1.37.** **"Settlement Website"** shall have the meaning set forth in Section 2.5.

**1.38.** **"Taxes"** shall have the meaning set forth in Section 3.1(i).

**1.39.** **"Tax-Related Costs"** shall have the meaning ascribed to it in Section 3.1(i).

**1.40.** **"Unknown Claims"** shall mean any Released Claims that Plaintiffs or any Class Members do not know or suspect to exist at the time of the release of the Defendant Released Parties, including claims which, if known by them, might have affected their settlement with Defendants and release of the Defendant Released Parties, or might have affected their decision not to object to this Settlement. Plaintiffs or any Class Member may later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs and all Class Members, upon the date of the Court's entry of the Final Approval Order and Judgment, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and all Class Members shall be deemed, by operation of the Final Approval Order and Judgment, to have acknowledged that the foregoing waiver was bargained for and is a key element of the Settlement of which their release and waiver of Unknown Claims is a part.

## II.    SETTLEMENT APPROVAL

**2.1.** *Motions for Preliminary Approval and for Class Certification for Settlement Purposes Only*. No later than December 3, 2024, Plaintiffs shall move the Court for preliminary approval of the Settlement and for certification of the Class for settlement purposes only. Defendants will not oppose Plaintiffs' motions for preliminary approval of the Settlement and for class certification for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1) or (b)(2) but reserves the right to make submissions related to the motions. If the Court does

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

not issue the Final Approval Order and Judgment, then no Class shall be deemed to have been certified by or as a result of this Agreement, Defendants shall not be deemed to have admitted the propriety of certification of the Class under any provisions of Federal Rule of Civil Procedure 23, and the Action shall for all purposes revert to its status as of June 24, 2024.

**2.2.** ***Rights of Exclusion.*** Class Members shall not be permitted to exclude themselves from the Class.

**2.3.** ***Right to Object.*** Class Members shall be permitted to object to the Settlement. Requirements for filing an objection shall be set forth in the Preliminary Approval Order and in the Notice.

**2.4.** ***Class Notice.*** Within thirty-five (35) calendar days of the entry of the Preliminary Approval Order or as may be modified by the Court, the Settlement Administrator shall send the Notice by electronic mail (if available) and first-class mail to the Class Members. The Notice shall be sent to the last known electronic mail address and/or last known mailing address of the Class Members that are reasonably obtainable from NVIDIA and/or the Recordkeeper. If Notice is sent by mail, the Settlement Administrator shall update mailing addresses through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed).

**2.5.** ***Settlement Website.*** Within thirty-five (35) calendar days of the entry of the Preliminary Approval Order and no later than the first date that the e-mailing or the mailing of the Notice occurs, or as may be extended by the Court on application of the Parties, the Settlement Administrator shall establish a case landing page on its website containing the Notice and this Agreement and its exhibits (the "Settlement Website"). The Notice will identify the web address of the Settlement Website.

**2.6.** ***Approval of Settlement by the Independent Fiduciary.***

**a)** The Independent Fiduciary shall review the Settlement and provide any requested authorizations, including the authorization required by Employee Retirement Income Security Act of 1974, as amended ("ERISA") Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632 (Dec. 31, 2003), as amended by 75 Fed. Reg. 33830 (June 15, 2010). The Parties shall comply with reasonable requests for information made by the Independent Fiduciary.

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

**b)**     At least thirty (30) calendar days prior to the Final Approval Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement and given a release in its capacity as fiduciary of the Plan for and on behalf of the Plan, on the terms set forth in Section 5.1, in accordance with Prohibited Transaction Class Exemption 2003-39. Should the Independent Fiduciary fail to approve and authorize the Settlement or fail to give a release on behalf of the Plan, the Agreement shall be terminable, pursuant to Section 8.3.

**2.7.** *Class Action Fairness Act Notice.* The Settlement Administrator, on behalf of Defendants, shall comply with the notice requirements of 28 U.S.C. § 1715, and pursuant to the Preliminary Approval Order, shall file a notice with the Court confirming compliance at least thirty (30) calendar days prior to the Final Approval Hearing.

**2.8.** *Motion for Final Approval.* Plaintiffs shall move the Court for final approval of the Settlement no later than the deadline set by the Court in the Preliminary Approval Order, or as may be extended by the Court. On or after the date set by the Court for the Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court shall determine, among other things: (a) whether to enter the Final Approval Order and Judgment finally approving the Settlement; and (b) what, if any, Case Contribution Awards and Attorney's Fees and Expenses should be awarded to Plaintiffs and Class Counsel, respectively, pursuant to Sections 7.1 and 7.2 of this Agreement.

**III.     PAYMENTS TO THE CLASS**

**3.1.** *The Settlement Amount.*

**a)**     In consideration of all of the promises and agreements set forth in this Agreement, NVIDIA will pay, or cause to be paid, the Settlement Amount specified in Section 1.35. None of the other Defendant Released Parties shall have any obligation to contribute financially to this Settlement. It is understood and agreed by the Parties that, by paying the Settlement Amount, Defendants and the other Defendant Released Parties do not agree with or in any way admit and shall not be deemed to agree with or in any way admit, any of Plaintiffs' or Class Counsels' theories regarding Defendants' alleged liability in the Action, including that any of Defendants' prior or existing actions or practices are in violation of any federal or state laws, statutes, or regulations.

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

**b)** NVIDIA shall pay, or cause to be paid, the Settlement Amount as set forth in section 1.35 in two segments, and the total funding, in the aggregate, together with any interest and investment earnings thereon, shall constitute the "Settlement Fund." First, NVIDIA shall pay, or cause to be paid, Fifty Thousand dollars ($50,000.00) of the Settlement Amount, with that amount to be deposited by check or wire transfer into the Escrow Account within fifteen (15) business days of the entry of the Preliminary Approval Order or the receipt of all necessary funding information, whichever is later, to fund any Administration Costs and Independent Fiduciary Fees and Costs that arise before the Court's entry of the Final Approval Order and Judgment. Second, NVIDIA shall pay, or cause to be paid, the remaining portion of the Settlement Amount, to be deposited by check or wire transfer into the Escrow Account within fifteen (15) business days following the Court's entry of the Final Approval Order and Judgment, subject to the provisions of Section 8.5.

**c)** The Settlement Fund shall be used solely for the purposes set forth in Section 3.1(j).

**d)** Subject to Court approval and oversight, the Escrow Account will be controlled by the Settlement Administrator. Neither Defendants, Defendants' Counsel, the Defendant Released Parties, Plaintiffs, nor Class Counsel shall have any liability whatsoever for the acts or omissions of the Settlement Administrator. The Settlement Administrator shall not disburse the Settlement Amount or any portion of the Settlement Fund except as provided for in this Agreement, by an order of the Court, or with prior written agreement of Class Counsel and Defendants' Counsel.

**e)** The Settlement Administrator is authorized to execute transactions on behalf of Class Members that are consistent with the terms of this Agreement and with orders of the Court.

**f)** All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

**g)** The Settlement Administrator may, to the extent practicable and prudent, invest the Settlement Fund in discrete and identifiable instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency

-9-

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Administrator shall maintain records identifying in detail each instrument in which the Settlement Fund or any portion thereof has been invested and identifying the precise location (including any safe deposit box number) and form of holding of each such instrument. Neither the Settlement Fund nor any portion thereof shall be commingled with any other monies in any instruments. Any cash portion of the Settlement Fund not invested in instruments of the type described in the first sentence of this Section 3.1(g) shall be maintained by the Settlement Administrator, and not commingled with any other monies, in the Escrow Account. The Settlement Administrator and Class Members shall bear all risks related to investment of the Settlement Fund.

h)    The Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Settlement Fund Escrow Account and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. NVIDIA agrees to provide the Settlement Administrator with the statement described in U.S. Treasury Regulation §1.468B-3(e). Neither Defendants, Defendants' Counsel, the Defendant Released Parties, Plaintiffs, nor Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

i)    All taxes on the income of the Settlement Fund ("Taxes") and expenses and costs incurred in connection with the taxation of the Settlement Fund (including expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the Escrow Account.

j)    The Settlement Fund will be used to pay the following amounts associated with the Settlement:

(1)    Compensation to Class Members determined in accordance with Section 3.2;

(2)    Any Case Contribution Awards approved by the Court;

-10-

(3)      All Attorney's Fees and Expenses approved by the Court;

(4)      Independent Fiduciary Fees and Costs;

(5)      Administration Costs; and

(6)      Taxes and Tax-Related Costs.

**3.2.    *Distribution to Class Members.***

a)      The Net Settlement Fund will be distributed to Class Members in accordance with the Plan of Allocation.

b)      Notwithstanding anything else in this Agreement, any revisions to the Plan of Allocation that would increase the Settlement Amount or require Defendants or their affiliates to incur additional expenses or costs not required under this Agreement or to provide data not reasonably available shall be deemed a material alteration of this Agreement and shall entitle Defendants, at their election, to terminate the Agreement.

c)      Class Members who receive a check from the Settlement Administrator under the Plan of Allocation must cash their checks within ninety (90) calendar days of issuance. If they do not do so, the checks will be void, and the Settlement Administrator shall be instructed to return any such funds to the Settlement Fund pursuant to Section 3.4. This limitation shall be printed on the face of each check. Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Class Members where it determines there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation. The voidance of checks shall have no effect on the Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

**3.3.    *Responsibility for Taxes on Distribution.*** Each Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, Defendants' Counsel, the Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from: (a) any tax liability, including without limitation penalties and interest, related in any way to payments or credits under the Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys,

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-11-

tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

**3.4.** ***Treatment of Undistributed Funds and Uncashed Checks.*** If any of the Net Settlement Fund remains by reason of uncashed checks, or otherwise, after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund thirty (30) calendar days after the deadline for cashing checks has expired, any amount in the Escrow Account shall be paid to the Plan for the purpose of defraying administrative fees and expenses that would otherwise be charged to participants.

**3.5.** ***Administration Costs.*** The Administration Costs shall be paid from the Settlement Fund. The Settlement Administrator will reserve from the Settlement Fund the estimated Administration Costs. Within thirty (30) days after disbursement of the entire Settlement Fund as provided by this Agreement and the Plan of Allocation, the Settlement Administrator shall provide Class Counsel with a final report of the settlement administration and a detailed accounting of any Administration Costs.

**3.6.** ***Entire Monetary Obligation.*** Notwithstanding anything else in this Agreement, in no event shall Defendants be required to pay any amounts under this Agreement or otherwise, other than the Settlement Amount, as specified in Section 1.35. Aside from Defendants' obligation to pay or cause to be paid the Settlement Amount, as specified in Section 1.35, none of the Defendant Released Parties shall be required to pay any amounts under this Agreement or otherwise related to the Settlement or Action.

**IV.   SETTLEMENT ADMINISTRATION**

**4.1.** Defendants shall use reasonable efforts to cause NVIDIA and the Recordkeeper to provide to the Settlement Administrator, within twenty-one (21) calendar days of the entry of the Preliminary Approval Order, the participant data, including Social Security numbers or some other unique participant identifier reasonably sufficient to effectuate the Notice, implement the Plan of Allocation, and distribute the Settlement Fund. Said data shall be delivered in a format reasonably useable by the Settlement Administrator. The Recordkeeper shall take commercially reasonable steps

SETTLEMENT AGREEMENT AND RELEASE; Case No: 4:20-cv-06081-JST
7399794

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

to ensure the data provided is complete as it exists in the Recordkeeper's systems. Neither Plaintiffs, Class Counsel, Defendants, or Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this section. Defendants shall not otherwise be obligated to assist with effecting Notice, implementation of the Plan of Allocation, or distribution of the Settlement Fund.

**4.2.** The Settlement Administrator shall administer the Settlement subject to the supervision of Class Counsel and the Court as circumstances may require.

**4.3.** Defendants, Defendants' Counsel, and the Defendant Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to:

a) Any act, omission, or determination of the Settlement Administrator, Class Counsel, or designees or agents of Class Counsel or the Settlement Administrator;

b) The management, investment, or distribution of the Settlement Fund; or

c) The determination, administration, calculation, or payment of any claims asserted against the Settlement Fund.

**4.4.** The Settlement Administrator shall provide to Class Counsel upon request, a full accounting of all expenditures made in connection with the Settlement, including Administration Costs (as noted in Section 3.5), and any distributions from the Settlement Fund.

**4.5.** The Settlement Administrator shall provide such information as may be reasonably requested by Plaintiffs, Defendants, Defendants' Counsel, or Class Counsel relating to administration of this Agreement.

## V.    RELEASES, COVENANTS, AND JUDICIAL FINDINGS

**5.1.    *Release of Defendant Released Parties.*** Subject to Part VIII of this Agreement, upon and through the date of the Court's entry of the Final Approval Order and Judgment, Plaintiffs and each Class Member (on behalf of themselves and their current and former beneficiaries, heirs, descendants, dependents, marital community, administrators, executors, representatives, predecessors, successors, and assigns), and the Plan (by and through the Independent Fiduciary pursuant to Section 2.6(b)) absolutely and unconditionally release and forever discharge the Defendant Released Parties from all Released Claims.

SETTLEMENT AGREEMENT AND RELEASE; Case No: 4:20-cv-06081-JST
7399794

**5.2.** *Covenant Not to Sue.* Upon and through the date of the Court's entry of the Final Approval Order and Judgment, Plaintiffs, Class Members, and Class Counsel (on behalf of themselves and any successors-in-interest) shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the Defendant Released Parties from any and all Released Claims.

Plaintiffs and Class Members further agree that, outside of the Action, none of them will institute, maintain, prosecute, sue, or assert in any claim, action, or proceeding, whether individually, in a representative capacity, or on behalf of the Plan, against the Defendant Released Parties based on conduct subsequent to, or any liability or damages claimed to arise or occur after, the date of the Court's entry of the Preliminary Approval Order, up to and through the entry of the Final Approval Order and Judgment, that were asserted or could have been asserted in the Complaint arising out of the facts and circumstances giving rise to this Action, the settlement thereof, and/or the administration of said settlement.

Should Plaintiffs or Class Members breach the terms of Section 5.2, the Defendant Released Parties may recover from the breaching persons any reasonable attorney's fees and costs that any of them may incur to enforce the provisions of this Section 5.2.

**5.3.** *Defendants' Releases of Others.* Upon and through the date of the Court's entry of the Final Approval Order and Judgment, Defendants (on behalf of themselves and any successors-in-interest) shall be deemed to have, and by operation of the Final Approval Order and Judgment, shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the Plaintiffs, Class Members, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorney's fees and costs, whether under local, state, or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, relating to the Action.

**5.4.    *Taxation of Settlement Fund.*** Plaintiffs and Class Members acknowledge that the Defendant Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Settlement Fund, or on any funds that Plaintiffs, Class Members, or Class Counsel receive from the Settlement Fund, including through any Case Contribution Awards or Attorney's Fees and Expenses award, as applicable.

**5.5.    *Use of Settlement Administrator Information.*** Class Counsel, Defendants' Counsel, and Defendants shall have access to information held by the Settlement Administrator given that such information is necessary to administer this Settlement.

**5.6.    *Use of Information.*** Class Counsel and their agents, as well as the Settlement Administrator, shall use any confidential information provided by Defendants or the Recordkeeper pursuant to this Agreement solely for the purpose of providing the Notice and administering this Settlement and for no other purpose. Such confidential information shall be marked "Confidential" and treated as such.

## VI.    REPRESENTATIONS AND WARRANTIES

**6.1.    *Parties' Representations and Warranties.*** The Parties, and each of them, represent and warrant as follows, and each Party acknowledges that each other Party is relying on these representations and warranties in entering into this Agreement:

**a)**    The Parties have diligently investigated the claims in this Action; that they are voluntarily and knowingly entering into this Agreement as a result of arm's-length negotiations among their counsel; that in executing this Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided in this Agreement, they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each Party assumes the risk of mistake as to facts or law;

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-15-

**b)** The Parties have carefully read the contents of this Agreement, and this Agreement is signed freely by each signatory executing the Agreement on behalf of the applicable Party. The Parties, and each of them, further represent and warrant to each other that they have made such investigation of the facts pertaining to this Settlement, this Agreement, and all of the matters pertaining thereto, as they deem necessary;

**c)** Plaintiffs have not assigned or otherwise transferred any interest in any Released Claim against any Defendant Released Parties, and that he shall not assign or otherwise transfer any interest in any Released Claims; and

**d)** Plaintiffs, on behalf of themselves and the Class, will have no surviving claims or causes of action against any of the Defendant Released Parties for any of the Released Claims, from and after the Effective Date.

**6.2.** *Signatories' Representations and Warranties.* Each counsel or other person executing this Agreement on behalf of any Party represents and warrants that such person has the authority to do so.

## VII. MONETARY PAYMENTS

**7.1.** *Case Contribution Awards.*

**a)** Plaintiffs Cristina Tobias, Anthony Briggs, Ann MacDonald, and David Calder may seek Case Contribution Awards subject to Court approval ("Case Contribution Awards"). Any Case Contribution Awards approved by the Court shall be paid within thirty (30) calendar days of the Effective Date. The Case Contribution Awards shall be paid by the Settlement Administrator solely out of the Settlement Fund and shall be deducted (to the extent approved by the Court) from the Settlement Fund on or after the Effective Date and prior to the distribution of the Settlement Fund to the Class Members. Plaintiffs shall also be entitled to distribution under this Settlement pursuant to Section 3.2 as a Class Member.

**b)** Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any application for the Case Contribution Awards shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-16-

to the Case Contribution Awards, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

c) Other than the Settlement Amount, Defendants shall have no obligations whatsoever with respect to any Case Contribution Awards to Plaintiffs, which shall be payable solely out of the Settlement Fund.

**7.2.   *Attorney's Fees and Expenses.***

a)     Class Counsel intends to submit a Fee and Expense Application seeking an award of attorney's fees, plus reasonable litigation expenses, at the appropriate time.  Any amount awarded by the Court in response to such Fee and Expense Application shall be paid by the Settlement Administrator solely out of the Settlement Fund and shall be deducted (to the extent approved by the Court) from the Settlement Fund and paid to Class Counsel within thirty (30) calendar days of the Effective Date.

b)     Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of the Fee and Expense Application to be paid out of the Settlement Fund shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the award of Attorney's Fees and Expenses, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

c)     Other than the Settlement Amount, Defendants shall have no obligations whatsoever with respect to any Attorney's Fees and Expenses incurred by Class Counsel, which shall be payable solely out of the Settlement Fund.

**VIII.   CONTINGENCIES, EFFECT OF DISAPPROVAL, OR TERMINATION OF SETTLEMENT**

**8.1.**   This Agreement and the Settlement shall terminate and be cancelled if, within twenty (20) calendar days after any of the following events, one of the Parties provides all other Parties with written notification of an election to terminate the Settlement, provided that the Parties shall first negotiate in good faith to attempt to cure any deficiency identified by the Court:

-17-

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

**a)** The Court declines to provide preliminary approval of this Agreement, certify the Class as described under Section 2.1 or enter the Preliminary Approval Order in the form mutually agreed upon by Class Counsel and Defendants' Counsel and submitted to the Court by counsel for Plaintiffs, or the Preliminary Approval Order is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

**b)** The Court declines to provide final approval of this Agreement, or declines to enter, or materially modifies the contents of the Final Approval Order and Judgment Order in the form mutually agreed upon by Class Counsel and Defendants' Counsel and submitted to the Court by counsel for Plaintiffs; or

**c)** The Court's Final Approval Order and Judgment is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

**d)** The Effective Date does not get triggered for some other reason by December 31, 2026.

**8.2.** For purposes of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning the administration of the Settlement or the persons performing such administrative functions, or the amount or award of any Attorney's Fees and Expenses or Case Contribution Awards shall constitute grounds for cancellation or termination of the Agreement, provided that such order, modification, or reversal does not increase Defendants' total financial obligation under this Settlement or impose injunctive relief against any Defendant Released Parties.

**8.3.** This Agreement and the Settlement shall terminate and be cancelled at the sole election of Defendants if the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to approve the release on behalf of the Plan of the Released Claims. Alternatively, Defendants have the option to waive this condition. Unless otherwise agreed by the Parties, either option is to be exercised in writing within the earlier of (a) ten (10) business days after the Parties' receipt of the Independent Fiduciary's written determination under Section 2.6, or (b) three (3) business days prior to the date set for the Final Approval Hearing.

-18-

**8.4.**    This Agreement and the Settlement shall terminate and be cancelled if: (a) any federal or state authorities object to, or request material modifications to, the Agreement; and (b) within twenty (20) business days after the deadline set in the Preliminary Approval Order for such objections or requests, or within twenty (20) business days of receiving any such objection or request, if later, Defendants provide written notice of their election to terminate the Settlement provided that the Parties shall first negotiate in good faith to attempt to cure any deficiency identified by such objection or request.

**8.5.**    If, for any reason, this Agreement is terminated or fails to become effective, then:

**a)**    The Parties shall be deemed to have reverted to their respective status in the Action as of June 24, 2024.  The Action shall then resume proceedings in the Court, and, except as otherwise expressly provided in this Agreement, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.

**b)**    Class Counsel and Defendants' Counsel shall within ten (10) business days after the date of termination of the Agreement jointly notify the Financial Institution in writing to return to Defendants, or their designee or designees, the full amount contained in the Settlement Fund, with all interest and income earned thereon, after deduction of any amounts earlier disbursed and/or incurred by the Settlement Fund as of the termination, and direct the Financial Institution to effect such return within fourteen (14) calendar days after such notification.  Prior to the return of amounts contemplated by this Section 8.5(b), the Financial Institution shall fully and finally fulfill and set aside for any and all tax obligations of the Settlement Fund as set forth in Section 3.1(i). Defendants shall have no past, present, or future liability whatsoever for any such tax obligations.

**c)**    Part VIII of this Agreement, and its provisions, shall survive any termination of this Agreement and the Settlement, as will Sections 3.3, 4.3, 5.4, and 5.6.

**IX.    NO ADMISSION OF WRONGDOING**

**9.1.    *No Admission of Wrongdoing*.** The Parties understand and agree that this Agreement embodies a compromise settlement of disputed claims, and that nothing in this Agreement, including the furnishing of consideration for this Agreement, shall be deemed to constitute any finding or admission of any wrongdoing or liability by any of the Defendant Released Parties, or give rise to

-19-

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

any inference of wrongdoing or liability in the Action or any other proceeding. This Agreement and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendant Released Parties specifically deny any such liability or wrongdoing, and Defendants state that they are entering into the Agreement solely to eliminate the burden and expense of protracted litigation. Further, Plaintiffs have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, themselves, and the Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA lawsuits, like the Action. Neither the fact of this Settlement nor the terms of this Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement, whether affirmatively or defensively.

## X.    MISCELLANEOUS

**10.1.    *Waiver.*** The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving Party. The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

**10.2.    *Dispute Resolution.*** If a dispute arises regarding compliance with any of the provisions of this Agreement, it shall first be mediated in non-binding mediation by a mediator mutually agreeable to the Parties. The cost of any mediation shall be split equally between Plaintiffs, on the one hand, and Defendants, on the other hand. If mediation is unsuccessful, then any remaining disputes regarding compliance with this Agreement shall be heard only by this Court.

**10.3.    *Entire Agreement.*** This Agreement is the entire agreement among the Parties, and it supersedes any prior agreements, written or oral, between the Parties. This Agreement cannot be altered, modified, or amended except through a writing executed by either (a) Plaintiffs and Defendants, or (b) Class Counsel and Defendants' Counsel.

**10.4.    *Construction of Agreement.*** This Agreement shall be construed to effectuate the intent of the Parties to resolve all disputes encompassed by the Agreement. The Parties have

-20-

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

participated in the drafting of this Agreement, and any ambiguity shall not be resolved by virtue of a presumption in favor of any Party. The Agreement was reached at arm's length by the Parties represented by counsel. Neither of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purposes of any statute, case law, or rule of interpretation or construction.

**10.5.** *Principles of Interpretation***.** The following principles of interpretation apply to this Agreement:

a) The headings of this Agreement are for reference only and do not affect in any way the meaning or interpretation of this Agreement.

b) Definitions apply to the singular and plural forms of each term defined.

c) Definitions apply to the masculine, feminine, and neutral genders of each term defined.

d) References to a person are also to the person's permitted successors and assignees.

e) Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

**10.6.** *Executed in Counterparts***.** This Agreement may be executed in counterparts, each of which shall be considered the same as if a single document had been executed. The Agreement shall be deemed executed by all Parties when such counterparts have been signed by each of the Parties' counsel and delivered to the other Parties. Counterpart copies of signature pages, whether delivered in original, by electronic mail in .pdf format, by DocuSign or comparable electronic signature program, or by facsimile, taken together, shall all be treated as originals and binding signatures.

**10.7.** *Notices***.** Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court order sought in connection with the Agreement, shall be in writing and delivered personally or sent by certified mail or overnight delivery service, postage prepaid, with copies by e-mail to the attention of Class Counsel or Defendants'

-21-

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

Counsel, as applicable (as well as to any other recipients that a court may specify). Parties may change the person(s) to whom such notices should be directed by giving notice pursuant to this Section 10.7. As of the date hereof, the respective representatives are as follows:

**For Defendants:**

> **Clarissa A. Kang**
> TRUCKER HUSS, APC
> 135 Main Street, 9th Floor
> San Francisco, CA 94105
> Telephone:    (415) 788-3111
> Email:            ckang@truckerhuss.com

**And email to generalcounsel@nvidia.com and legalnotices@nvidia.com**

**For Plaintiffs:**

> **Mark K. Gyandoh**
> CAPOZZI ADLER, P.C.
> 312 Old Lancaster Road
> Merion Station, Pennsylvania 19066
> Telephone:    (610) 890-0200
> Email:            markg@capozziadler.com

**10.8.    *Extensions of Time*.** The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

**10.9.    *Governing Law*.** Except to the extent covered by ERISA, this Agreement shall be governed by and construed in accordance with the laws of California without giving effect to any conflict of law provisions that would cause the application of the laws of any jurisdiction other than California.

**10.10.    *Fees and Expenses*.** Except as otherwise expressly set forth herein, each Party shall pay all fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to his or its negotiation, preparation, or compliance with this Agreement, and including any fees, expenses, and disbursements of its counsel, accountants, and other advisors. Nothing in this Agreement shall require Defendants to pay any monies other than as expressly provided herein.

**10.11.    *Communication With Plan Participants*.** Nothing in this Agreement or Settlement shall prevent or inhibit the Defendant Released Parties' ability to communicate with Plan participants or Class Members.

-22-

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

**10.12.** *Retention of Jurisdiction.* The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF,** the Parties, Class Counsel, and Defendants' Counsel named below have signed this Agreement on the dates shown below and, by signing below, the Parties, Class Counsel, and Defendants' Counsel attest that this Agreement is executed voluntarily and of their own free will:

DATED: December 3, 2024

DocuSigned by:

*Cristina Tobias*

883844B13BE6499…

Cristina Tobias

DATED: December 3, 2024

_____

Anthony Briggs

DATED: December 3, 2024

_____

Ann MacDonald

DATED: December 3, 2024

_____

David Calder

DATED: December 3, 2024

_____

Timothy S. Teter
Executive Vice President, General Counsel, and Secretary

NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE NVIDIA 401(k) PLAN BENEFITS COMMITTEE

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-23-

SETTLEMENT AGREEMENT AND RELEASE; Case No: 4:20-cv-06081-JST
7399794

**10.12. *Retention of Jurisdiction.*** The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF,** the Parties, Class Counsel, and Defendants' Counsel named below have signed this Agreement on the dates shown below and, by signing below, the Parties, Class Counsel, and Defendants' Counsel attest that this Agreement is executed voluntarily and of their own free will:

DATED: December 3, 2024

_____
Cristina Tobias

DATED: December 3, 2024

DocuSigned by:

*Anthony Briggs*
AE97F899878A490...
_____
Anthony Briggs

DATED: December 3, 2024

_____
Ann MacDonald

DATED: December 3, 2024

_____
David Calder

DATED: December 3, 2024

_____
Timothy S. Teter
Executive Vice President, General Counsel, and Secretary

NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE NVIDIA 401(k) PLAN BENEFITS COMMITTEE

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-23-

**10.12. *Retention of Jurisdiction.*** The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF,** the Parties, Class Counsel, and Defendants' Counsel named below have signed this Agreement on the dates shown below and, by signing below, the Parties, Class Counsel, and Defendants' Counsel attest that this Agreement is executed voluntarily and of their own free will:

DATED: December 3, 2024

_____
Cristina Tobias

DATED: December 3, 2024

_____
Anthony Briggs

DATED: December 3, 2024

DocuSigned by:

*Ann Macdonald*

1B8EBD9820DF462...
_____
Ann MacDonald

DATED: December 3, 2024

_____
David Calder

DATED: December 3, 2024

_____
Timothy S. Teter
Executive Vice President, General Counsel, and Secretary

NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE NVIDIA 401(k) PLAN BENEFITS COMMITTEE

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-23-

**10.12.** *Retention of Jurisdiction.* The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF,** the Parties, Class Counsel, and Defendants' Counsel named below have signed this Agreement on the dates shown below and, by signing below, the Parties, Class Counsel, and Defendants' Counsel attest that this Agreement is executed voluntarily and of their own free will:

DATED: December 3, 2024

_____
Cristina Tobias

DATED: December 3, 2024

_____
Anthony Briggs

DATED: December 3, 2024

_____
Ann MacDonald

DATED: December 3, 2024

DocuSigned by:

*David Calder*
B6E5B9B01EB84DC...
_____
David Calder

DATED: December 3, 2024

_____
Timothy S. Teter
Executive Vice President, General Counsel, and
Secretary

NVIDIA CORPORATION, THE BOARD OF
DIRECTORS OF NVIDIA CORPORATION,
THE NVIDIA 401(k) PLAN BENEFITS
COMMITTEE

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-23-

SETTLEMENT AGREEMENT AND RELEASE; Case No: 4:20-cv-06081-JST
7399794

**10.12.** *Retention of Jurisdiction.* The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF,** the Parties, Class Counsel, and Defendants' Counsel named below have signed this Agreement on the dates shown below and, by signing below, the Parties, Class Counsel, and Defendants' Counsel attest that this Agreement is executed voluntarily and of their own free will:

DATED:  December 3, 2024

_____
Cristina Tobias

DATED:  December 3, 2024

_____
Anthony Briggs

DATED:  December 3, 2024

_____
Ann MacDonald

DATED:  December 3, 2024

_____
David Calder

DATED: December 3, 2024

DocuSigned by:

_____
F1073A02B01A4B0...
Timothy S. Teter
Executive Vice President, General Counsel, and
Secretary

NVIDIA CORPORATION, THE BOARD OF
DIRECTORS OF NVIDIA CORPORATION,
THE NVIDIA 401(k) PLAN BENEFITS
COMMITTEE

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-23-

Docusign Envelope ID: 73198CAC-29B1-4BB5-8C5F-45EFAAF2B9C3

**APPROVED AS TO FORM:**


DATED:  December 3, 2024

_____

**TRUCKER ✦ HUSS**
Clarissa A. Kang
Catherine L. Reagan
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94105

Attorneys for Defendants
NVIDIA CORPORATION, THE BOARD OF
DIRECTORS OF NVIDIA CORPORATION,
THE NVIDIA 401(k) PLAN BENEFITS
COMMITTEE


DATED:  December 3, 2024

_____

**CAPOZZI ADLER**
Mark K. Gyandoh
James A. Wells
312 Old Lancaster Rd
Merion Station, Pennsylvania 19066
Telephone: (610) 890-0200
Email:  markg@capozziadler.com
            jayw@capozziadler.com


**ROSMAN & GERMAIN APC**
Daniel L. Germain
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA  91367-7503
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
Email: germain@Lalawyer.com

**MUHIC LAW LLC**
Peter A. Muhic
923 Haddonfield Road
Suite 300
Cherry Hill, NJ 08002
Telephone: (856) 324-8252
Email: peter@muhiclaw.com

*Attorneys for Plaintiffs and the Putative Class*

-24-

SETTLEMENT AGREEMENT AND RELEASE; Case No: 4:20-cv-06081-JST
7399794

**APPROVED AS TO FORM:**

DATED:  December 3, 2024

_____

**TRUCKER ✦ HUSS**
Clarissa A. Kang
Catherine L. Reagan
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94105

Attorneys for Defendants
NVIDIA CORPORATION, THE BOARD OF
DIRECTORS OF NVIDIA CORPORATION,
THE NVIDIA 401(k) PLAN BENEFITS
COMMITTEE

DATED:  December 3, 2024

_____

**CAPOZZI ADLER**
Mark K. Gyandoh
James A. Wells
312 Old Lancaster Rd
Merion Station, Pennsylvania 19066
Telephone: (610) 890-0200
Email:  markg@capozziadler.com
          jayw@capozziadler.com

**ROSMAN & GERMAIN APC**
Daniel L. Germain
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA  91367-7503
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
Email: germain@Lalawyer.com

**MUHIC LAW LLC**
Peter A. Muhic
923 Haddonfield Road
Suite 300
Cherry Hill, NJ 08002
Telephone: (856) 324-8252
Email: peter@muhiclaw.com

_Attorneys for Plaintiffs and the Putative Class_

SETTLEMENT AGREEMENT AND RELEASE; Case No: 4:20-cv-06081-JST
7399794

-24-

EXHIBIT A

| | |
|---|---|
| *Tobias, et al. vs. NVIDIA Corporation et al.*<br>c/o Analytics Consulting LLC<br>**[address]**<br><br>***LEGAL NOTICE***<br>*This Notice may affect your legal rights.*<br>*Please read carefully.*<br><br>Important Legal Notice Authorized by the United States District Court for the Northern District of California.<br><br>**If you were a participant or beneficiary of the NVIDIA Corporation 401(k) Plan, between** August 28, 2014 **and [date of preliminary approval order], your rights may be impacted by a proposed settlement of a class action lawsuit.** | [Postage Prepaid]<br><br><br><br>Name<br>Address<br>City, State<br>Zip |

7407585

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE CLASS ACTION.*
*Please visit [www.nvidiaerisasettlement.com], email settlement@capozziadler.com (writing NVIDIA Settlement in the subject line), or call (xxx) xxx-xxxx for more information.* A federal court has authorized this notice. This is not a solicitation from a lawyer. You are receiving this Notice of Class Action Settlement ("Notice") because the records of the NVIDIA Corporation 401(k) Plan (the "Plan"), indicate that you were a participant in the Plan during the period August 28, 2014 through [the date of the Preliminary Approval Order] (the "Class Period"). This Notice advises you of basic information about your options. A Long Form Settlement Notice is available at [www.**nvidiaerisasettlement.com**].

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you currently have a positive account balance in the Plan and are a Settlement Class Member, any share of the Distributable Settlement Amount to which you are entitled will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class Member and are entitled to $5 or more from the Net Settlement Amount, such funds to which you are entitled shall be paid directly to you by the Settlement Administrator by check. Not all Settlement Class Members will receive a payment, and it may take several months for the payments to be made. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY** _____. | If you wish to object to any part of the Settlement, you may write to the Court and the attorneys for the Parties about why you object to the Settlement. Address your objection to: Clerk of the Court, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612. You should also email a copy of your objection to Class Counsel and Defendants' Counsel at settlement@Capozziadler.com (writing "NVIDIA Settlement" in the subject line) |
| **YOU MAY ATTEND THE FINAL APPROVAL HEARING TO BE HELD ON** _____. | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Final Approval Hearing about the Settlement and present your objections to the Court. You may attend the Final Approval Hearing even if you do not file a written objection, but you will only be allowed to speak at the Final Approval Hearing if you file a written objection by the Court-approved deadline in advance of the Final Approval Hearing AND you file a notice of intention to appear, as described in the answer to Question Nos. 14 and 17 in the Long Form Settlement Notice. |

**Do not contact the Court or Defendants for information about the Settlement. All questions should be directed to Analytics Consulting LLC or Class Counsel, or visit the website listed herein.**

7407585

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**If you were a participant in the NVIDIA Corporation 401(k)**
**Plan from August 28, 2014 through [the date of the Preliminary Approval Order], you may**
**benefit from this class action settlement.**

*The case is Tobias, et al. vs. NVIDIA Corporation. et al.,*
*No. 4:20-cv-06081-JST*

*A Court authorized this notice. This is not a solicitation from a lawyer.*

This notice advises you of a settlement (the "Settlement") of a lawsuit against NVIDIA Corporation ("NVIDIA"), The Board of Directors Of NVIDIA Corporation ("Board), and the NVIDIA Corporation 401(k) Plan Benefits Committee ("Committee") (together, "Defendants"). In the lawsuit, Plaintiffs allege various claims related to the operation of the NVIDIA Corporation 401(k) Plan (the "Plan"). Plaintiffs claim that the Committee should not have selected or maintained certain funds as investment options in the Plan and allowed the Plan to pay higher recordkeeping and administrative fees than necessary to the Plan's recordkeeper. Plaintiffs also alleged that NVIDIA and the Board failed to monitor the Committee. The Defendants deny all the allegations in the lawsuit and contend that their conduct was entirely proper. You should read this entire notice carefully because your legal rights will be affected whether you act or not.

This notice explains your rights and options, including the deadline for you to object if you are opposed to this Settlement.

7407588

## BASIC INFORMATION

**1.    Why did I get this notice?**

You are receiving this notice because the Plan's records indicate that you were a participant in the Plan during the period from August 28, 2014 through [the date of the Preliminary Approval Order]. As such, your rights will be affected by the Settlement of this lawsuit.

**Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement agreement if you disagree with its terms, and the deadline to object to the proposed settlement.**

**2.    What this Lawsuit is about?**

A lawsuit was filed in the United States District Court for the Northern District of California against NVIDIA, the Board, and the Committee. The lawsuit alleges that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to the Plan. The individuals who are pursuing the lawsuit ("Plaintiffs") claim that the Committee should not have selected and maintained certain funds as investment options in the Plan, and that the Plan paid higher recordkeeping and administrative fees than necessary to the Plan's recordkeeper. Plaintiffs also alleged that NVIDIA and the NVIDIA Board of Directors failed to monitor the Plan's fiduciaries.

NVIDIA and the other Defendants deny the allegations in the lawsuit and contend that their conduct was entirely proper. NVIDIA and the other Defendants have asserted, and would assert should the litigation continue, a number of defenses to Plaintiffs' claims.

**3.    What is a class-action lawsuit?**

In a class-action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who have similar claims. One court resolves all the issues for all class members in a single lawsuit. Four former participants in the Plan are the class representatives in this lawsuit.

**4.    Why is there a Settlement?**

The Parties have agreed to the Settlement after extensive negotiations. By agreeing to the Settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and the other members of the Settlement Class will receive compensation. Class Counsel have conducted a review of the evidence in the case and the potential risks and benefits of continued litigation and believe that the Settlement is in the best interest of the class. The Court has not made any finding that the Defendants have done anything wrong or violated any law or regulation.

The Plan will retain an independent fiduciary to evaluate the fairness of the Settlement.

QUESTIONS? VISIT **[www.NVIDIAerisasettlement.com]** OR CALL TOLL-FREE XXX-XXX-XXXX
DO NOT CONTACT THE COURT OR NVIDIA WITH YOUR QUESTIONS.
PAGE ___ OF 6

7407588

**5.       How do I get more information about the Settlement?**

This notice is only a summary of the lawsuit and the proposed Settlement. It is not a complete description of the lawsuit or the proposed Settlement. You may inspect the pleadings and other papers (including the Settlement Agreement) that have been filed in this lawsuit at the office of the Clerk of the United States District Court for the Northern District of California, which is located at 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also review documents electronically through Public Access to Court Records, which is available at https://ecf.cand.uscourts.gov.

If you have questions about this notice or the proposed Settlement, you may contact Class Counsel (see answer to Question 11 for contact information) or visit [nvidiaerisasettlement.com].

*Do not contact the Court or the Defendants for information about the Settlement. The Settlement Administrator or Class Counsel can answer any questions you may have about the proposed Settlement.*

**THE SETTLEMENT BENEFITS – WHAT YOU MAY GET**

**6.       What does the Settlement provide?**

Plaintiffs and Defendants have agreed to a settlement that involves monetary payments to participants. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement dated December 3, 2024 ("Settlement Agreement"), and described briefly below.

As part of the Settlement, the Net Settlement Fund will be distributed to Settlement Class Members.  The "Net Settlement Fund" refers to the total "Settlement Amount" of $2,500,000 minus any amounts that the Court approves for settlement-related expenses (including Attorneys' Fees and Expenses to Class Counsel, certain fees for retaining an Independent Fiduciary, Administration Costs, and Taxes and Tax-Related Costs), and any amounts to the Class Representatives as case contribution awards.  The amount individual Settlement Class Members will receive will depend on the amount and value of their Plan accounts during the period from August 28, 2014 through [the date of preliminary approval]. Settlement Class Members are persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan from August 28, 2014 through [the date of preliminary approval]. However, to avoid disproportionate expenses in particular cases, the Parties have agreed that no distribution will be made to any Settlement Class Member who (1) is no longer a participant in the Plan and (2) would otherwise be entitled to an amount of less than $5.00 from the Net Settlement Fund. Settlement Class Members who are current participants in the Plan are ***not*** subject to this restriction. The Plan of Allocation is posted on the Settlement Website.

**7.       If I am entitled to a distribution, how will I receive the settlement proceeds?**

Settlement Class Members who have a positive balance in their Plan account at the time of the distribution will receive any settlement proceeds through a deposit into their Plan account. To the extent feasible and ascertainable, those settlement proceeds will be invested in accordance with each Settlement Class Member's instructions for investment of new contributions at the time the distribution is made, or, if no such instructions are in effect, to the applicable qualified default investment option. Settlement Class Members who do not have a positive balance

7407588

in their Plan account as of the date of distribution ("Former Participants") and are entitled to $5.00 or more from the Net Settlement Fund will receive a check from the Settlement Administrator.

**8.      How will I benefit from the Settlement?**

You may be entitled to receive a portion of the Net Settlement Fund. Only Settlement Class Members are eligible to receive a portion of the Net Settlement Fund. (See the answer to Question 6 above.) Whether or not a person meets this definition will be based on the Plan's records. You have received this notice because, based on the Plan's records, you are believed to be a member of the Settlement Class. The Plan of Allocation posted to the Settlement Website will determine the amount paid to each eligible participant.  In sum, the Plan of Allocation determines Class Members' losses during the Class Period based on their Plan account balances, and determines each Class Members' losses as a percentage of the overall losses to the Plan.  That percentage is then applied to the Net Settlement Fund to determine the amount each eligible Class Member will receive.

**9.      What are the Class Representatives receiving from the Settlement?**

The Class Representatives will be entitled to receive benefits of the Settlement because they are Settlement Class Members.  Plaintiffs will make an application to the Court for an award of case contribution awards not to exceed $10,000 each for their service in the Action.  It is up to the Court whether to grant any or all of the requested amount.

### THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

**10.      What do I give up by participating in the Settlement?**

In exchange for Defendants' payment of the Settlement Amount, all Settlement Class Members will release any claims they have related to the lawsuit and be prohibited from bringing or pursuing any other lawsuits or other actions based on such claims.

### THE LAWYERS REPRESENTING YOU

**11.      Do I have a lawyer in this case?**

Yes. In granting preliminary approval of the proposed Settlement, the Court appointed the Plaintiffs' lawyers to serve as "Class Counsel" for the Settlement Class. The attorneys for the Settlement Class are as follows:

> Mark K. Gyandoh
> Capozzi Adler P.C.
> 312 Old Lancaster Road
> Merion Station, PA 19066
> Telephone: (610) 890-0200
> markg@capozziadler.com

You will not be charged separately for the work of these lawyers; their compensation will come from the Settlement Amount and will be determined by the Court. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

7407588

**12.      How will the lawyers (Class Counsel) be paid?**

Class Counsel will file a motion with the Court seeking approval of their compensation, which will consist of (a) reasonable attorneys' fees and (b) reimbursement of the expenses they incurred in prosecuting the case. Class Counsel intends to seek attorneys' fees equal to one-third of the Settlement Amount plus reasonable expenses. The motion and supporting papers will be filed on or before **[date]**. After that date you may review the motion and supporting papers at [nvidiaerisasettlement.com]. Any attorneys' fees and expenses, in addition to the fee and the expenses incurred by the Settlement Administrator in sending this notice and administering the Settlement, will be paid from the Settlement Amount.

## OBJECTING TO THE SETTLEMENT

**13.      What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

**14.      What is the procedure for objecting to the Settlement?**

Prior to the Final Approval Hearing, Settlement Class Members will have the opportunity to object to approval of the Settlement. Settlement Class Members can object to the Settlement and give reasons why they believe that the Court should not approve it. To object, you must send your objection to the Court, at the U.S District Court for the Northern District of California, which is located at1301 Clay Street, Oakland, CA 94612.

Objections must be filed with the Court Clerk on or before [date]. Objections filed after that date will not be considered. Any Settlement Class Member who fails to submit a timely objection will be deemed to have waived any objection they might have, and any untimely objection will be barred absent an order from the Court. Objections must include: (1) the case name and number; (2) your full name, current address, telephone number, and signature; (3) a statement that you are a Settlement Class Member and an explanation of the basis upon which you claim to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support known to you or your counsel; (5) a statement as to whether you or your counsel intends to personally appear and/or testify at the Final Approval Hearing; and (6) a list of any persons you or your counsel may call to testify at the Final Approval Hearing in support of your objection.

**15.      What if I do not want to be part of the lawsuit and want to exclude myself?**

The Settlement does not allow any Settlement Class Members to exclude themselves from the settlement or decide not to be a part of the Settlement. While some class-action settlements allow class members to "opt out" of the settlement, because of the nature of the claims Plaintiffs have asserted in this lawsuit, Settlement Class Members do not have any right to opt out. Thus, if you dislike some portion of the settlement, your only recourse is to object to the settlement.

## THE COURT'S FINAL APPROVAL HEARING

**16.      What is a final approval hearing?**

The Court has granted preliminary approval of the proposed Settlement, finding that it is sufficiently reasonable to warrant such preliminary approval, and has approved delivery of this notice to Settlement Class Members. The Settlement will not take effect, however, until it receives final approval from the Court following an opportunity for Settlement Class Members to object to the Settlement. Following the deadline for objecting to the Settlement, the Court will hold a Final Approval Hearing on [date] to consider any objections. The Final Approval Hearing will take place at [time] in the Courtroom of the Hon. Jon S. Tigar, Oakland Courthouse, Courtroom 6 – 2nd

QUESTIONS? VISIT **[www.NVIDIAerisasettlement.com]** OR CALL TOLL-FREE XXX-XXX-XXXX
DO NOT CONTACT THE COURT OR NVIDIA WITH YOUR QUESTIONS.
PAGE ___ OF 6

7407588

Floor which is located at 1301 Clay Street, Oakland, CA 94612. The date and location of the Final Approval Hearing is subject to change by Order of the Court, which will appear on the Court's docket for this case. Please check the settlement website at [nvidiaerisasettlement.com] or the Court's PACER site at https://ecf.cand.uscourts.gov to confirm any changes in the date of the Final Approval Hearing.

**17.      Can I attend the Final Approval Hearing?**

Yes, anyone can attend the Final Approval Hearing. But the Court will only allow those who file and serve a timely written objection in accordance with this notice to speak at the Final Approval Hearing either in person or through counsel retained at his or her own expense. Those persons or their attorneys intending to speak at the Final Approval Hearing must serve notice of their intention to appear setting forth on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than [date]. The notice must include: (1) the name, address, and telephone number of the Settlement Class Member, and (2) if applicable, the name, address, and telephone number of that Settlement Class Member's attorney. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Final Approval Hearing, except by Order of the Court. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

The Court will consider Settlement Class Member objections in deciding whether to grant final approval. Objectors are not required to attend the Final Approval Hearing, but if you intend to appear you must state your intention to do so in the manner described above. Settlement Class Members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

**18.      Where can I get more information?**

You can visit the website at [nvidiaerisasettlement.com] where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this notice, and other relevant pleadings and documents. If you cannot find the information you need on the website, you may also contact Class Counsel for more information. Do not contact the Court or Defendants to get additional information.

Dated: ____, 2024   By:   _____

                          Order of the United States District Court
                          Judge Jon S. Tigar

7407588

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**(OAKLAND DIVISION)**

| | |
|---|---|
| CRISTINA TOBIAS, ANTHONY BRIGGS, ANN MACDONALD, and DAVID CALDER, individually and on behalf of all others similarly situated, Plaintiffs, vs. NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE NVIDIA CORPORATION 401(K) PLAN BENEFITS COMMITTEE, and JOHN DOES 1-30, Defendants. | Case No. 4:20-cv-6081-JST Hon. Jon S. Tigar |

**PLAN OF ALLOCATION**

**I.     DEFINITIONS**

Except as indicated below, the capitalized terms used in this Plan of Allocation shall have the meanings ascribed to them in the Settlement Agreement.

**II.     CALCULATION OF ALLOCATION AMOUNTS**

A.     Per paragraph 4.1 of the Settlement Agreement, Defendants shall direct the Recordkeeper for the Plan to provide the Settlement Administrator with the data reasonably necessary to determine the amount of the Net Settlement Fund to be distributed to each Class Member in accordance with this Plan of Allocation.

B.     The data used to perform calculations under this Plan of Allocation shall include the year-end balances (or quarterly balances if readily available) of each Class Member's account for each year of the period between August 28, 2014 through the date of the Preliminary Approval Order (the "Class Period"). For Class Members who had a balance in their accounts at the beginning of the Class Period, but liquidated their account before the end of the Class Period,

1

the balance in their account at the time of their last quarterly statement before distribution will be the balance used for purposes of calculating an award under this Plan of Allocation.

C.    Each Class Member's allocable portion of the Net Settlement Fund will be calculated as follows:

1. Calculate the sum of each Class Member's account balances for each year of the Class Period based on the data referenced in Section II(B) of this Plan of Allocation. This amount shall be that Class Member's "Balance."

2. Sum the Balance for all Class Members.

3. Allocate each Class Member a share of the Net Settlement Fund in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, *i.e.*, where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

D.    The amounts resulting from this initial calculation shall be known as the Preliminary Entitlement Amount. Current Participants with a Preliminary Entitlement Amount of $0 shall not receive a distribution from the Net Settlement Fund. Former Participants who are entitled to a distribution of $5 or less (the Former Participant De Minimis Amount) will not receive a distribution from the Net Settlement Fund. The Settlement Administrator shall then recalculate the entitlement amount excluding the participants described in the preceding two sentences. The resulting calculation shall be the "Final Entitlement Amount" for each Class Member entitled to a distribution. The sum of the Final Entitlement Amount for each remaining Class Member must equal the Net Settlement Fund.

E.    **Class Members With Accounts In The Plan.** For a Class Member whose account in the Plan has a positive balance as of the calculation of the Final Entitlement Amount, the Class Member's Final Entitlement Amount will be deposited into his or her account in the Plan (unless that account has been closed between the calculation of the Final Entitlement Amount and the

2

7407583

payment date, in which case that Class Member will receive his or her allocation in accordance with Section II.F, below).

As promptly as reasonably possible after deposit of the Net Settlement Fund into the Plan, the Settlement Administrator shall forward to the current recordkeeper for the Plan the information needed to allocate into each Class Member's account his or her Final Entitlement Amount. The deposited amount shall be invested pursuant to the Class Member's investment elections on file for new contributions. If the Class Member has no election on file, the deposited amount shall be invested in the default investment option designated by the Plan.

F.      **Class Members Without Accounts Under The Plan.** Former Participants with a Final Entitlement Amount shall be paid by check from the Settlement Administrator. All such payments are intended to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants shall be valid for 90 days from the date of issue.

G.      The Settlement Administrator shall utilize the calculations required to be performed in this Plan of Allocation for making the required distributions of the Final Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

H.      If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to change the methodology as necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the Settlement Administrator provides advance notice of the change to Class Counsel and Defendants' Counsel and the total amount of distributions does not exceed the Net Settlement Fund.

3

7407583

4

I.      No sooner than fourteen days after the expiration of all undeposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Escrow Account shall be paid to the Plan for the purpose of defraying administrative fees and expenses that would otherwise be charged to participants.

J.      Neither the Defendant Released Parties, Defendants' Counsel, nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to Class Members.

## III.    QUALIFICATIONS AND CONTINUING JURISDICTION

The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure it is fully and fairly implemented.

4

7407583