1    **ROSMAN & GERMAIN APC**
     Daniel L. Germain (Bar No. 143334)
2    5959 Topanga Canyon Boulevard
     Suite 360
3    Woodland Hills, CA  91367-7503
     Telephone: (818) 788-0877
4    Facsimile: (818) 788-0885
     E-Mail: Germain@Lalawyer.com
5
6    Counsel for Plaintiffs and the Putative Class
7    [Additional Counsel Listed on Signature Page]
8
9                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
11   CRISTINA TOBIAS, ANTHONY BRIGGS,          Case No. 4:20-cv-06081-JST
     ANN MACDONALD and DAVID CALDER,
12   individually and on behalf of all others similarly
     situated,                                 **PLAINTIFFS' NOTICE OF MOTION**
13                                             **AND UNOPPOSED MOTION FOR**
                         Plaintiffs,           **FINAL APPROVAL OF CLASS**
14                                             **ACTION SETTLEMENT, AND**
                                               **MEMORANDUM OF POINTS AND**
15           v.                                **AUTHORITIES IN SUPPORT**
                                               **THEREOF**
16   NVIDIA CORPORATION, THE BOARD OF
     DIRECTORS OF NVIDIA CORPORATION,          Date:        December 18, 2025
17   THE NVIDIA CORPORATION 401(K) PLAN        Time:        2:00 p.m.
     BENEFITS COMMITTEE, and JOHN              Location:    Via Zoom Videoconference
18   DOES 1-30,
                                               Judge:       Hon. Jon Tigar
19                       Defendants.
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND UNOPPOSED MOTION

**PLEASE TAKE NOTICE** that Plaintiffs, Cristina Tobias, Anthony Briggs, Ann MacDonald and David Calder ("Plaintiffs"), on behalf of the proposed Settlement Class and the NVIDIA Corporation 401(k) Plan (the "Plan"), hereby move the Court to grant Plaintiffs' Unopposed Motion for Final Approval of Settlement Class, pursuant to Federal Rules of Civil Procedure 23 and the Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying Class for Settlement Purposes, Approving Form and Manner of Class Action Notice, and Scheduling a Date for Final Approval Hearing entered on September 9, 2025 (ECF No. 139, hereinafter "Preliminary Approval Order").

Defendants, NVIDIA Corporation, the Board of Directors of NVIDIA Corporation, and the NVIDIA Corporation 401(k) Plan Benefits Committee (collectively, "Defendants") do not oppose the Motion.

The hearing on this Motion will take place on December 18, 2025, at 2:00 pm in the Courtroom of the Honorable Jon S. Tigar via Zoom videoconference.

The Parties will work cooperatively to effectuate the Notice Plan, which is due to begin on the date of the filing this Motion.[1] Plaintiff will provide information regarding the Class Members' response to the Settlement in their supplemental brief in support of final approval of class action settlement, which is due to be filed on December 4, 2025. Plaintiffs will advise the Court of the number of undeliverable class notices and the number of Class Members who objected to or commented on the Settlement.

Plaintiffs now move the Court to enter an order granting Final Approval of the proposed Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class, and granting

---

[1] Pursuant to the Preliminary Approval Order, on October 14, 2025: 1.) the Court-approved Short Form Notice is to be sent to Class Members via electronic mail if available or first-class mail if no electronic mail is available; and 2.) the Court-approved Long Form Notice and Settlement-related documents are to be published on the website identified in the Short Form Notice. *See* Preliminary Approval Order, at 5-6.

the related applications. Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 23(e), and it is supported by the below Memorandum of Points and Authorities and the Declaration of Mark K. Gyandoh ("Gyandoh Decl."), the pleadings, records, and papers on file in this action; and all other matters properly before the Court.

Plaintiffs stand ready to provide any additional information or materials that the Court may require in connection with this Motion.

Accordingly, Plaintiffs respectfully request that the Court enter a Final Approval Order.

Dated: October 14, 2025                                     Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
(*Admitted Pro Hac Vice*)
James A. Wells
(*Admitted Pro Hac Vice*)
312 Old Lancaster Road
Merion Station, PA 19066
Email: markg@capozziadler.com
             jayw@capozziadler.com
Tel: (610) 890-0200
Fax: (717) 232-3080

**ROSMAN & GERMAIN APC**
Daniel L. Germain (State Bar No. 143334)
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA  91367-7503
Email: germain@lalawyer.com
Tel: (818) 788-0877
Fax: (818) 788-0885

**MUHIC LAW LLC**
Peter A. Muhic
(*Admitted Pro Hac Vice*)
923 Haddonfield Road,
Suite 300 Cherry Hill, NJ  08002
Email:  peter@muhiclaw.com
Tel:  (856) 324-8252
Fax:  (717) 232-3080

*Counsel for Plaintiffs and the Putative Class*

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II.  BACKGROUND ...............................................................................................................2

    A.  The Settlement...........................................................................................................2

        1.  Settlement and Released Claims ...............................................................2

        2.  Distribution of Settlement Funds to Class Members.................................3

    B.  Preliminary Approval of Class Notice .......................................................................3

    C.  The Settlement and Related Applications Will Be Reviewed by an Independent
        Fiduciary on Behalf of the Plan.................................................................................4

III.  THE COURT SHOULD MAINTAIN CERTIFICATION OF THE SETTLEMENT
     CLASS AND GRANT FINAL APPROVAL OF THE SETTLEMENT ...........................5

    A.  The Court Has Already Provisionally Certified the Settlement Class and Appointed
        Plaintiffs' Counsel as Class Counsel.........................................................................5

    B.  The Settlement is Fair, Reasonable, and Adequate ...................................................5

        1.  The Strength of Plaintiffs' Case and the Risk, Expense, and Complexity of
            Further Litigation (factors one and two) ..................................................6

        2.  The Risk of Maintaining Class Action Status Throughout the Trial (factor
            three) ........................................................................................................8

        3.  The Settlement Recovery (factor four).....................................................8

        4.  The Stage of Proceedings and Extent of Discovery Completed (factor five) ........8

        5.  The Experience and View of Class Counsel (factor six).........................9

        6.  The Presence of a Governmental Participant (factor seven) ................10

        7.  The Reaction of Class Members (factor eight)......................................10

IV.  THE REQUIREMENTS OF FED. R. CIV. P. 23(e) ARE SATISFIED ...........................11

    A.  Effectiveness of Plan Distribution and Equitable Treatment of Class Members .............11

    B.  Terms of Proposed Attorneys' Fees ........................................................................11

V.    POST-DISTRIBUTION ACCOUNTING AND WITHHOLDING OF
       ATTORNEYS' FEES ..................................................................................................12

VI.   CONCLUSION ..........................................................................................................12

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

*Anderson v. Team Prior, Inc.*,
No. 19-cv-00452, 2022 WL 16531690 (D. Me. Oct. 28, 2022) ....................................................11

5

*Campbell v. Facebook, Inc.*,
951 F.3d 1106 (9th Cir. 2020) .................................................................................................6

6

7

*Cotter v. Lyft, Inc.*,
193 F. Supp. 3d 1030 (N.D. Cal. 2016) ...............................................................................5, 6

8

9

*Deaver v. Compass Bank*,
No. 13-cv-222, 2015 WL 8526982 (N.D. Cal. 2015) ................................................................8

10

11

*Feinberg v. T. Rowe Price Grp.*,
610 F. Supp. 3d 758 (D. Md. 2022) ......................................................................................11

12

*Fleming v. Impax Lab'ys Inc.*,
No. 16-cv-6557, 2021 WL 5447008 (N.D. Cal. 2021) ..............................................................8

13

14

*Griffin v. Flagstar Bancorp, Inc.*,
No. 10-cv-10610, 2013 WL 6511860 (E. D. Mich. Dec. 12, 2013) .............................................9

15

16

*Hill v. State Street Corp.*,
2015 WL 127728 (D. Mass., Jan. 8, 2015) ............................................................................11

17

18

*Johnson v. Fujitsu Tech. and Bus. Of Am., Inc.*,
No. 16-cv-3698, 2018 WL 2183253 (N.D. Cal. 2018) ..............................................................6

19

20

*Knapp v. Art.com, Inc.*,
283 F. Supp. 3d 823 (N.D. Cal. 2017) ..................................................................................10

21

*Kruger v. Novant Health, Inc.*,
No. 11-cv-02781, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) ..............................................9

22

23

*In re Lithium Ion Batteries Antitrust Litig.*,
No. 12-cv-5129, 2017 WL 1086331 (N.D. Cal. 2017) ..............................................................8

24

*In re MyFord Touch Consumer Litig.*,
No. 13-cv-3072, 2019 WL 1411510 (N.D. Cal. 2019) ..............................................................8

25

26

27

28

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..................................................................9

*Pledger v. Reliance Trust Co.*,
No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) .....................................11

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ...........................................................................10

*Slezak v. City of Palo Alto*,
No. 16-cv-3224, 2017 WL 2688224 (N.D. Cal. June 22, 2017)....................................7

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) .............................................................................6

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) ...........................................................................6

*Tadepalli v. Uber Techs., Inc.*,
No. 15-cv-4348, 2015 WL 9196054 (N.D. Cal. Dec. 17, 2015).....................................7

*Urakhchin v. Allianz Mgmt. of Am., L.P.*,
No. 15-cv-1614 2018 WL 8334858 (C.D. Cal. July 30, 2018)............................7, 9, 10

*Viceral v. Mistras Grp., Inc.*,
No. 15-cv-2198, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) .....................................7

*Walsh v. CorePower Yoga LLC*,
No. 16-cv-05610, 2017 WL 589199 (N.D. Cal. Feb. 14, 2017) ..................................10

**STATUTES**

FED. R. CIV. P. 23............................................................................................5

FED. R. CIV. P. 23(a)........................................................................................5

FED. R. CIV. P. 23(b)(1)....................................................................................5

FED. R. CIV. P. 23(e)(2)...................................................................................11

FED. R. CIV. P. 23(e)(2)(C)(ii), (C)(iii), C(iv) and (D)...........................................11, 12

FED. R. CIV. P. 23(g)........................................................................................5

Fed. R. Civ. P. 23 ................................................................................................5

**Other Sources**

Employee Retirement Income Security Act of 1974 ...........................................*Passim*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

This unopposed Motion seeks final approval of the proposed Settlement in this action under the Employee Retirement Income Security Act ("ERISA"). The Settlement[1] provides $2,500,000 in monetary relief to members of the Settlement Class, who were participants and beneficiaries in the Plan during the Class Period. Notice will be distributed to the Settlement Class on October 14, 2025 and any responses to objections will be provided to the Court on December 4, 2025, when Plaintiffs file their supplemental brief in support of final approval of class action settlement. To date, there have been no objections to any aspect of the Settlement. In addition, consistent with Department of Labor regulations pertaining to the release of claims by a qualified retirement plan, an Independent Fiduciary – Fiduciary Counselors, Inc. - has been retained on behalf of the Plan to review and authorize the Settlement. Plaintiffs anticipate that the Independent Fiduciary's report will provide an additional touchstone for the Court to assess the fairness and adequacy of the Settlement and the related applications. Moreover, distribution of the Settlement Fund would largely occur by way of automatic distributions into the Plan, resulting in a significant participation rate among members of the Settlement Class. In light of the meaningful, immediate consideration that would be provided by the Settlement and participation of the Settlement Class, Plaintiffs respectfully submit the Settlement should be approved and the related applications granted.

On September 9, 2025, the Court entered the Preliminary Approval Order, which preliminarily approved the Settlement Agreement between Plaintiffs and Defendants, and conditionally certified the following class ("Settlement Class") for settlement purposes:

> All persons, except Defendants and their immediate family members, who
> were participants in or beneficiaries of the Plan who participated in the Plan,

---

[1] The Settlement Agreement and its exhibits are attached to the Declaration of Mark K. Gyandoh in support of Plaintiffs' Notice of Unopposed Revised Motion to Preliminarily Approve Settlement and Class Notice and Memorandum of Points and Authorities in Support Thereof. *See* ECF No. 137. For the convenience of the Court, it is re-attached to the Gyandoh Declaration in support of Final Approval.

at any time between August 28, 2014, through the date of the Preliminary Approval Order [September 9, 2025].

Preliminary Approval Order, at 2.

In addition to conditionally certifying the Class, the Court determined that the Settlement Agreement—a hard-fought compromise resulting from adversarial, arm's length negotiations—was sufficiently fair, reasonable, and adequate to warrant provisional approval. *Id.* at 3. In light of the substantial benefits made available by the Settlement, which a significant percentage of Settlement Class Members will receive without the need to file a claim form, and in order to avoid the burden, expense, and uncertainty of continued litigation, Plaintiffs respectfully request that the Court grant final approval of the class action Settlement.

## II.    BACKGROUND

The basic facts and procedural history of this action are well-known to the Court and set forth in greater detail in the Declaration of Mark K. Gyandoh in support of Plaintiffs' Notice of Unopposed Revised Motion to Preliminarily Approve Settlement and Class Notice and Memorandum of Points and Authorities in Support Thereof, *see* ECF No. 137, ¶¶ 3-34, and the Gyandoh Declaration in support of Final Approval. The Settlement Agreement was reached after discovery had been conducted, intense pre-trial motion practice by both sides, and a mediation session with Robert Meyer of JAMS, who is well-versed and experienced in mediating ERISA matters. As a result, Plaintiffs and Class Counsel believe the Settlement is fair, reasonable, and adequate and submit that it is in the best interest of the Class.

### A.    The Settlement

#### 1.    The Settlement and Released Claims

The release of claims provided in the Settlement Agreement is tailored to the claims pursued in the litigation and for which consideration would be furnished under the Settlement. *See* ECF 137-01, Ex 1 Settlement Agreement ("Agreement"), at Section 1.32 and Section V. In exchange for this

1   release of the claims, Defendants have agreed to establish a common fund in the amount of

2   $2,500,000.00 to benefit participants and beneficiaries in the Plan during the Class Period. Consistent

3   with the Preliminary Approval Order and Notice provided to the Class, the Settlement Fund will be

4   used for the following purposes: (1) compensation to Class Members determined in accordance with

5   Section 3.2 of the Agreement; (2) payment of case contribution awards of $5,000 each for plaintiffs

6   Cristina Tobias, Anthony Briggs, Ann MacDonald and David Calder subject to Court approval; (3)

7   any attorney's fees and expenses approved by the Court; (4) independent fiduciary fees and costs; (5)

8   all reasonable costs of administering the Settlement; and (6) taxes and tax-related costs.

9           **2.      Distribution of Settlement Funds to Class Members**

10          The Settlement Fund would be distributed on a *pro rata* basis to members of the Settlement

11  Class pursuant to the Plan of Allocation. *See* ECF 137-01 Ex. 1 Settlement Agreement, Exhibit C,

12  Plan of Allocation; ECF 137-09 Settlement Letter Amendment. The amount paid to each Class

13  Member will be determined by the Plan of Allocation based on the average size of each Class

14  Member's account during the Class Period. As for Former Participants, and Beneficiaries and

15  Alternate Payees who no longer have Active Accounts, these individuals shall be paid by check from

16  the Settlement Administrator.  *See id*.

17          After the payments have been issued to the Class members, any amount remaining in the

18  Settlement Fund from uncashed checks, after the deadline for cashing checks has expired, will be

19  distributed back to the Settlement Fund for redistribution, first, to pay any amounts mistakenly

20  omitted from the initial distribution to Class members; second, to pay an additional administrative

21  costs for settlement; and finally to make a second distribution *pro rata* to Plan accounts of Class

22  members who have active Plan accounts, as set forth in the Plan of Allocation.  *See* ECF 137-01 Ex

23  1 Settlement Agreement, Exhibit C, Plan of Allocation, at Section 3.4; ECF 137-09 Settlement Letter

24  Amendment.

25          **B.      Preliminary Approval of Class Notice**

26

27

28

On September 9, 2025, the Court granted preliminary approval of the proposed Settlement Agreement. *See* ECF No. 139. In compliance with the Preliminary Approval Order, Analytics Consulting LLC ("Analytics"), the Court-approved Settlement Administrator for the Settlement, has received Class data from counsel for Defendants and will complete the mailing of Settlement Notice via electronic and/or first-class mail to the Class Members.

Pursuant to the terms of the Settlement Agreement, Analytics will also establish a website for the Settlement, which will provide information about the case and relevant deadlines and also make available a number of pertinent documents, including the following: (i) Notice; (ii) Frequently Asked Questions, the Preliminary Approval Order; (iii) the Settlement Agreement including Exhibits; and (iv) the Second Amended Class Action Complaint. Further, in accordance with the Settlement Agreement and the Preliminary Approval Order, Analytics will establish a toll-free telephone number, to which Class Members can direct questions about the Settlement. In addition to the foregoing, notice of the Settlement have been distributed to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005. *See* 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

Finally, Class Counsel will update the Court regarding any Class Member responses and/or objections to the fairness, reasonableness, or adequacy of the Settlement, any terms therein, or to the proposed Administrative Expenses, Attorneys' Fees and Costs, or Plaintiffs' Case Contribution Awards.

**C.     The Settlement and Related Applications Will Be Reviewed by an Independent Fiduciary on Behalf of the Plan**

To further ensure that the Settlement Agreement is fair, reasonable, and adequate, Defendants retained an Independent Fiduciary, Fiduciary Counselors, Inc., ("FCI") to review the Settlement on behalf of the Plan pursuant to U.S. Department of Labor Regulations pertaining to the release of litigation claims on behalf of a qualified retirement plan. *See* ECF 191-01 Ex 1 Settlement Agreement, at Section 2.6. All Parties and their counsel will provide the Independent Fiduciary sufficient

1    information to enable the Independent Fiduciary to review and evaluate the Settlement, including the

2    relevant pleadings and papers filed on the docket, certain discovery materials, confidential settlement

3    documents, and any other materials requested. In addition, counsel for the Parties will participate in

4    virtual meetings with the Independent Fiduciary to review certain matters related to the litigation and

5    Settlement, and answer any follow up questions from the Independent Fiduciary.

6    **III.    THE COURT SHOULD MAINTAIN CERTIFICATION OF THE SETTLEMENT**

7    **CLASS AND GRANT FINAL APPROVAL OF THE SETTLEMENT**

8    **A.    The Court Has Already Provisionally Certified the Settlement Class and**

9    **Appointed Plaintiffs' Counsel as Class Counsel**

10    In its Preliminary Approval Order, the Court provisionally certified the Settlement Class upon

11    findings that each of the requirements of Rule 23(a) and 23(b)(1) are met, and appointed Plaintiffs as

12    Class Representatives and Capozzi Adler, P.C. as Class Counsel pursuant to Federal Rule of Civil

13    Procedure 23(g). *See* ECF No. 139, at 2-3. For the reasons identified in the Preliminary Approval

14    Order and in Plaintiffs' Unopposed Motion for Preliminary Approval (ECF No. 127), the above-

15    defined Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and (b)(1).

16    None of the circumstances that warranted provisional certification have changed. Thus, the Settlement

17    Class should be maintained through entry of a final judgment.

18    **B.    The Settlement is Fair, Reasonable, and Adequate**

19    "The standard for reviewing class action settlements at the final approval stage is well-settled.

20    Rules 23(e)(2) states that the district court may only approve the settlement if 'it is fair, reasonable,

21    and adequate.'" *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1035 (N.D. Cal. 2016) (citing FED. R. CIV.

22    P. 23). In determining whether a settlement meets these requirements, courts look up factors including

23    the following:

24    (1) the strength of plaintiff's case;

25    (2) the risk, expense, complexity, and likely duration of further litigation;

26

27

28

(3) the risk of maintaining class action status throughout the trial;

(4) the amount offered in settlement;

(5) the extent of discovery completed, and the stage of the proceedings;

(6) the experience and views of counsel;

(7) the presence of a governmental participant; and

(8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citation and internal quotation marks omitted). The relative importance of these factors depends upon the unique facts and circumstances of a given case, and "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness . . . ." *Cotter*, 193 F. Supp. 3d at 1035 (citations and alterations omitted). "[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *see also Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (same).

Just as the Court has already provisionally certified the Settlement Class, it has also found that the Agreement is "fair, reasonable, and adequate." ECF No. 139, at 3. Indeed, the factors considered at final approval mirror those contemplated at preliminary approval. Having already preliminarily approved the fairness of the settlement, and because there have been no intervening circumstances that would alter that conclusion, the Court should find the same here as Notice has been completed in accordance with the Court's Preliminary Approval Order and all of the relevant factors support final approval of the Settlement. *See Cotter*, 193 F. Supp. 3d at 1036–37 (recognizing that a Court's inquiry at final approval is equally careful as the preliminary approval analysis).

### 1.    The Strength of Plaintiffs' Case and the Risk, Expense, and Complexity of Further Litigation (factors one and two)

Although Plaintiffs believe there is strong legal and factual support for their claims, there is inherent risk in continued litigation of these complex ERISA claims. *See e.g.*, *Johnson v. Fujitsu*

*Tech. and Bus. Of Am., Inc.*, No. 16-cv-3698, 2018 WL 2183253, at *5 (N.D. Cal. 2018). When the Parties negotiated the Settlement, further litigation promised to be similarly lengthy, complex, and risky involving numerous competing experts on liability issues concerning Plaintiffs' claims and Defendants' defenses as well as the Plan's alleged losses. The Parties likely would have filed additional dispositive, expert exclusion, and other pretrial motions. Trial presentations would rely heavily on competing expert testimony and likely would have given way to a complex appeal. Thus, Plaintiffs faced meaningful challenges in their ability to obtain a recovery on behalf of the Plan and Settlement Class, even setting aside the additional complexity and delay of likely appeals, which strongly supports the final approval of the Agreement. *See Urakhchin v. Allianz Mgmt. of Am., L.P.*, No. 15-cv-1614 2018 WL 8334858, at *4 (C.D. Cal. July 30, 2018).

The Settlement Agreement is a product of an extensive arm's-length process in recognition of the risks associated with further litigation. *See Urakhchin*, 2018 WL 3000490, at *4. "An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Viceral v. Mistras Grp., Inc.*, No. 15-cv-2198, 2016 WL 5907869, at *8 (N.D. Cal. Oct. 11, 2016); *see also Slezak v. City of Palo Alto*, No. 16-cv-3224, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017) (finding the "likelihood of fraud or collusion [wa]s low . . . because the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator."). Class Counsel and counsel for Defendants are experienced in ERISA litigation, and each possess a thorough understanding of the factual and legal issues involved in the Action. *See Tadepalli v. Uber Techs., Inc.*, No. 15-cv-4348, 2015 WL 9196054, at *9 (N.D. Cal. Dec. 17, 2015) ("Settlements are entitled to 'an initial presumption of fairness' because they are the result of arm's-length negotiations among experienced counsel.").

Robert Meyer from JAMS has considerable experience in assessing ERISA disputes and the Parties only reached the Settlement after a full-day mediation. *See* Gyandoh Decl., at ¶¶ 45-52. The

1  mediation process also involved the exchange of additional information to assist the Parties in

2  evaluating the strengths and weaknesses of their respective positions.

3          **2.      The Risk of Maintaining Class Action Status Throughout the Trial (factor**

4          **three)**

5          Factor 3 addresses the risk of maintaining class action status throughout the litigation. Here,

6  the Parties had fully briefed Plaintiffs' motion for class certification but settled prior to the Court

7  issuing a decision. In Plaintiffs' estimation, ERISA class actions are routinely certified but that does

8  not negate the possibility of decertification due to factors such as Plaintiffs withdrawing from the

9  case or being found to lack Article III standing. Accordingly, given this possibility (no matter how

10  slight in Plaintiffs' estimation), it further supports approval of the Settlement.

11          **3.      The Settlement Recovery (factor four)**

12          Class Counsel submits, based on its experience and expertise, that the Settlement Agreement

13  – which provides monetary relief of approximately 18.3% to 19.1% of Plaintiffs' estimated damages

14  – reflects a substantial outcome for the Class. [2] *See* Gyandoh Decl., at ¶¶ 54, 109; *see also Fleming v.*

15  *Impax Lab'ys Inc.*, No. 16-cv-6557, 2021 WL 5447008, at *10 (N.D. Cal. 2021) (settlement recovery

16  representing 12.5% of total recoverable damages is "in a range consistent with the median settlement

17  recovery in class actions"); *In re MyFord Touch Consumer Litig.*, No. 13-cv-3072, 2019 WL

18  1411510, at *10 (N.D. Cal. 2019) (approving settlement providing for 5.7% of total possible

19  recovery); *Deaver v. Compass Bank*, No. 13-cv-222, 2015 WL 8526982, at *7 (N.D. Cal. 2015)

20  (10.7% of total damages); *In re Lithium Ion Batteries Antitrust Litig.*, No. 12-cv-5129, 2017 WL

21  1086331, at *4 (N.D. Cal. 2017) (overruling objections to settlement amount representing between

22  2.2% and 11.2% of total possible damages).

23          **4.      The Stage of Proceedings and Extent of Discovery Completed (factor five)**

24

25  _____

26  [2] *See* ECF No. 136, at 2-6 (providing detailed damage calculations regarding the claims for: excessive
recordkeeping fees, failure to select lower share classes, and investment performance).

27

28

"The extent of the information and documents exchanged by the Parties and the stage of the litigation are both indicators of [Class Counsel's] familiarity with the case and of Plaintiffs having enough information to make informed decisions." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008). The Parties exchanged information and documents to understand the nature of claims and extent of the losses when they agreed to mediate the case and enter into the Settlement Agreement.

Class Counsel conducted substantial investigation and analysis of thousands of pages of documents. *See* Gyandoh Decl., ¶¶ 33-44. "Discovery can be both formal and informal" and, here, Plaintiffs and Class Counsel engaged in significant investigation of the Parties' claims and defenses even before filing the initial complaint, and since then have undertaken extensive formal fact discovery. *See Urakhchin*, 2018 WL 3000490, at *4; *see also Kruger v. Novant Health, Inc.*, No. 11-cv-02781, 2016 WL 6769066, at *3 (M.D.N.C. Sept. 29, 2016) (pre-filing investigation in comparable ERISA cases takes months, including "meeting with the Plans' participants, obtaining documents from public sources and the Retirement Plus Plan administrator, reviewing and analyzing plan documents and financial statements, building on expertise regarding industry practices."). Although formal expert discovery did not commence, Plaintiffs did work with their consulting experts on this matter. *See* Gyandoh Decl., ¶ 33. The extensive discovery, exchange of mediation statements, and discussions during mediation perfected each Party's understanding of their respective strengths and weaknesses. Settling at this stage is ideal because it guarantees immediate relief while avoiding the costs and risks of continued discovery and litigation. *See Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610, 2013 WL 6511860, at *3 (E. D. Mich. Dec. 12, 2013) (early settlement is ideal because "expert discovery in this ERISA action would be time consuming and costly and would be followed by expensive and burdensome dispositive motions, trial and appeals.").

### 5.     The Experience and Views of Class Counsel (factor six)

Class Counsel has significant experience in class action litigation generally and ERISA breach of fiduciary duty litigation in particular and are of the opinion that the Settlement is fair and reasonable. "The Ninth Circuit recognizes that 'parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.'" *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833 (N.D. Cal. 2017) (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009)); *see also Urakhchin*, 2018 WL 3000490, at *5 (citations omitted) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."); *Walsh v. CorePower Yoga LLC*, No. 16-cv-05610, 2017 WL 589199, at *10 (N.D. Cal. Feb. 14, 2017) (holding that settlements that are "the result of arms'-length negotiations among experienced counsel" weigh in favor of preliminary approval.). The Settlement provides a substantial monetary recovery of $2,500,000.

In sum, the Settlement Agreement is the product of vigorous litigation and arm's-length negotiation by experienced and well-informed counsel, adequately reflects the strength of the parties' claims and defenses, is based on sufficient discovery and information, and provides significant relief to the Settlement Class. Accordingly, the Court should find the Settlement is fair, reasonable, and adequate, and merits final approval.

### 6.     The Presence of a Governmental Participant (factor seven)

The seventh factor is not applicable to this case as there is no presence of a governmental participant.

### 7.     The Reaction of Class Members (factor eight)

The reaction of the Settlement Class to the Settlement is yet to be determined as Notice is scheduled to begin on the date of the filing of this Motion. As indicated above, Class Counsel will update the Court in their supplemental brief in support of final approval of class action settlement regarding any Class Member responses and/or objections to the fairness, reasonableness, or adequacy

1    of the Settlement, any terms therein, or to the proposed Administrative Expenses, Attorneys' Fees

2    and Costs, or Plaintiffs' Case Contribution Awards.

3    **IV.    THE REQUIREMENTS OF FED R. CIV. P. 23(e) ARE SATISFIED**

4          Under FED. R. CIV. P. 23(e)(2), the Court is to consider the following factors when

5    determining whether to grant final approval: (1) "the effectiveness of any proposed method of

6    distributing relief to the class, including the method of processing class-member claims"; (2) "the

7    terms of any proposed award of attorney's fees, including timing of payment"; and (3) whether "the

8    proposal treats class members equitably relative to each other." FED. R. CIV. P. 23(e)(2)(C)(ii), (C)(iii)

9    and (D). There are no agreements other than the Settlement Agreement, therefore FED. R. CIV. P.

10    23(e)(2)(C)(iv) is irrelevant.

11          **A.    Effectiveness of Plan Distribution and Equitable Treatment of Class Members**

12          Here, the proposed Plan of Allocation described in Section II.A.2, *supra*, is commonly utilized

13    in analogous ERISA matters and is highly effective. *See*, *e.g.*, *Feinberg v. T. Rowe Price Grp.*, 610

14    F. Supp. 3d 758, 769-70 (D. Md. 2022) (listing cases). Additionally, because this is an ERISA case,

15    "Class Members will not have to file a claim form but will automatically receive their distributions

16    into their tax-deferred retirement accounts." *Pledger v. Reliance Trust Co.*, No. 15-cv-4444, 2021

17    WL 2253497, at *8 (N.D. Ga. Mar. 8, 2021). Indeed, a plan of distribution is reasonable when "the

18    Net Settlement Fund will be allocated to Authorized Claimants on a *pro rata* basis based on the

19    relative size of their Recognized Claims." *Hill*, 2015 WL 127728, at *11; *see Anderson v. Team Prior,*

20    *Inc.*, No. 19-cv-00452, 2022 WL 16531690, at *2 (D. Me. Oct. 28, 2022) (approving a plan where

21    "[a]fter deducting these administration costs, attorneys' fees, litigation expenses, and the service

22    award for the named Plaintiff, class members will each receive a *pro rata* share of the remaining

23    $150,000 Net Settlement Fund.").

24          **B.    Terms of Proposed Attorneys' Fees**

25

26

27

28

1    As detailed in the accompanying Motion and Memorandum in support of attorneys' fees and

2    case contribution awards ("Fee Memo"), the Settlement does not excessively compensate Class

3    Counsel, particularly in light of the circumstances of this litigation. The Settlement is not contingent

4    on Class Counsel receiving a specific amount of fees and any fees they receive will be determined by

5    the Court. Thus, the requirement of Rule 23(e)(2)(C)(ii) will likely be met. To avoid unnecessary

6    repetition, Plaintiffs refer the Court to the Fee Memo which provided support that Class Counsel's

7    request of 33.33% of the common fund is justified by the work performed in this case and consistent

8    with awards in similar ERISA class actions in this Circuit and nationwide.

9  **V.    POST-DISTRIBUTION ACCOUNTING AND WITHHOLDING OF ATTORNEYS'**

10   **FEES**

11   Per the Court's instructions in its Preliminary Approval Order, Plaintiffs believe a post

12   distribution withholding of 10% of attorneys' fees is appropriate in this action.  10% is appropriate in

13   this action given that the majority of the Settlement Class members will receive their distributions

14   efficiently and timely because the distributions will be paid directly into Plan accounts.  *See* Section

15   II.A.2, *supra*.  Class counsel will work expeditiously in making sure distributions are paid as soon as

16   possible.

17  **VI.    CONCLUSION**

18   For the foregoing reasons, and for the reasons already identified in Plaintiffs' Unopposed

19   Motion for Preliminary Approval and the Court's Preliminary Approval Order, and all others

20   appearing on the record, Plaintiffs respectfully request that the Court grant Plaintiffs' Unopposed

21   Motion for Final Approval of the Class Action Settlement.

22   Dated: October 14, 2025                    **CAPOZZI ADLER, P.C.**

23                                      */s/ Mark K. Gyandoh*
                                        Mark K. Gyandoh
24                                      (*Admitted Pro Hac Vice*)
                                        James A. Wells
25                                      (*Admitted Pro Hac Vice*)
                                        312 Old Lancaster Road
26

27

28

Merion Station, PA 19066
Tel: (610) 890-0200
Fax: (717) 232-3080
Email: markg@capozziadler.com
      jayw@capozziadler.com

**ROSMAN & GERMAIN APC**
Daniel L. Germain (State Bar No. 143334)
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA  91367-7503
Tel: (818) 788-0877
Fax: (818) 788-0885
Email: germain@lalawyer.com

**MUHIC LAW LLC**
Peter A. Muhic
(*Admitted Pro Hac Vice*)
923 Haddonfield Road,
Suite 300 Cherry Hill, NJ  08002
Tel:  (856) 324-8252
Fax:  (717) 232-3080
Email:  peter@muhiclaw.com

*Counsel for Plaintiffs and the Putative Class*

1

## CERTIFICATE OF SERVICE

2
     I hereby certify that on October 14, 2025, a true and correct copy of the foregoing document

3
was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel

4
of record.

5
                           By:   *ls/Mark K. Gyandoh*

6
                                   Mark K. Gyandoh, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28