UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA TOBIAS, ANTHONY BRIGGS, ANN MACDONALD and DAVID CALDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION, THE BOARD OF DIRECTORS OF NVIDIA CORPORATION, THE NVIDIA CORPORATION 401(K) PLAN BENEFITS COMMITTEE, and JOHN DOES 1-30,<br><br>Defendants. | Case No. 4:20-cv-06081-JST |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

This Action came before the Court for hearing on **December 18, 2025** to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Scheduling a Date for a Final Approval Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of Plaintiffs, all Class Members, and Defendants, respectively.

1. The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

2. For the sole purpose of settling and resolving the Class Action, the Court certifies the Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

   All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan who participated in the Plan, at any time between August 28, 2014, through the date of the Preliminary Approval Order [September 9, 2025].

3. The Court finds for the sole purpose of settling and resolving the Action that:

  (a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

  (b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

  (c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that the Plaintiffs seek to certify;

  (d) as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class;

  (e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual

adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4. The Court hereby appoints Plaintiffs Cristina Tobias, Anthony Briggs, Ann MacDonald and David Calderas Class Representatives for the Settlement Class and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

5. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts and the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement – two million five hundred thousand dollars ($2,500,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Fund is efficient and requires no filing of claims for participants, Beneficiaries, and Alternate Payees with Active Accounts, and requires only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e) At all times, Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from all Released Claims, regardless of whether any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; regardless of whether any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses; and regardless of whether the objections or claims for distribution of any such Class Member have been approved or allowed.

11. The Plan, the Class Representatives, and Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims.

12. The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13. Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses, regardless of whether any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; regardless of whether any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses; and regardless of whether the objections or claims for distribution of any such Class Member have approved or allowed.

14. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

15. Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative

defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

16. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule and/or trial schedule.

17. With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

18. Within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19. Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Order and Judgment.

20. **Final Approval Granted:** The Motion for Final Approval of the Settlement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

21. **Judgment:** The Court hereby enters judgment on all claims, counts, and causes of action alleged in the Class Action. Notwithstanding the reservation of jurisdiction in Paragraph 14 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Class Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

SO ORDERED this \_\_\_\_ day of _____, 2025.

_____
Hon. Jon Tigar
United States District Judge